[No. 12965. Department Two. — December 4, 1890.]

JOSEPH W. TAYLOR, RESPONDENT, v. THE BLACK DIAMOND COAL MINING COMPANY, APPELLANT.

ASSIGNMENT — ATTORNEY'S FEES — PARTNERSHIP — SURVIVING PARTNER. — Although an attorney cannot assign a contract for his services to be rendered, and substitute another attorney in his place, without the consent of his client, he may assign a debt substantially due for services rendered; and where a firm of attorneys was to receive a certain compensation for their services, provided they should accomplish certain results, the surviving partner may, after the services which they promised to render, and the ends which they agreed to accomplish, were all practically rendered and accomplished, assign all the right and title of the firm in the contract for such services, and all the moneys due or to become due thereunder, and the assignee may recover upon the contract.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

W. H. L. Barnes, for Appellant.

William M. Pierson, for Respondent.

McFARLAND, J. — This action was brought by plaintiff, as assignee of Hoyt & McKee, attorneys at law, to recover from defendant a balance due for professional services. Judgment went for plaintiff in the court below,

from which, and from an order denying a new trial, defendant appeals.

Hoyt & McKee made a contract with defendant, by which they were to receive a certain compensation for their services as attorneys, provided they should accomplish certain results. Afterwards, McKee, as surviving member of the firm of Hoyt & McKee (Hoyt having died before the services were quite all rendered), assigned to the plaintiff, Taylor, all the right and title of said firm in said contract, and all the moneys due or to become due thereunder. Appellant contends that the assignment was invalid, upon the ground that an attorney cannot assign a contract for his services, and substitute another attorney in his place, without the consent of his client, such contract being special, and founded upon personal qualities. The general principle thus invoked is no doubt sound, but we do not think that it applies to the case at bar. A careful examination of the pleadings, the evidence, and the findings shows that the services which Hoyt & McKee promised to render, and the ends which they agreed to accomplish, were all practically rendered and accomplished before the assignment to plaintiff, and that appellant had received the full benefit of those services and the accomplishments of those ends before said assignment. The assignment, therefore, was substantially the assignment of a debt due.

The judgment and order are affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.