E. M. DICKSON v. CITY OF ST. PAUL.[1]

February 9, 1906.

Nos. 14,556, 14,557—(139).

**Assignment of Contract—Sureties of Assignor.**

A. entered into a contract with the city of St. Paul for the construction of certain public work. After a part of the work had been performed he became bankrupt and abandoned it. A. had assigned to B. the money due from the city on the contract. In an action by B. against the city, the sureties on A.'s bond intervened and claimed the money. *Held:*

1. That the assignment was legal, and not in violation of section 12 of chapter 15 of the city charter.

2. That the intervenors are not entitled to receive the money until their liability as sureties has been determined and discharged.

3. That the question of usury was for the jury.

Action in the district court for Ramsey county to recover from defendant City of St. Paul $10,767.80 upon five contracts for public work made by W. J. Preston with defendant, the claims for money due under such contracts having been assigned to plaintiff. E. F. Berrisford and others, being the bondsmen of Preston on certain of the contracts, intervened, claiming to be entitled to the moneys due from defendant. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of intervenors upon certain of the causes of action for $1,474.87, and, under instructions, a verdict in favor of plaintiff for $19.37 upon the remaining cause of action. From an order granting a motion for judgment in favor of plaintiff notwithstanding the verdict, but for the amount of $527.57 only, and reducing the verdict

[1]Reported in 106 N. W. 1053.

of intervenors to that extent, plaintiff and the intervenors severally appealed.   Reversed and remanded with instructions.

*O'Malley & Boerner,* for plaintiff.

*R. A. Walsh,* for intervenors.

*J. C. Michael,* for defendant.

ELLIOTT, J.[2]

This action was brought to recover money due from the city of St. Paul upon five contracts with one Preston for the construction of certain public works.   When the contracts were executed, Preston, to secure their faithful performance, executed certain bonds upon which the intervenors Schroeder and Donnelly were sureties.   About the same time Preston assigned the money due or to become due on the contracts to Dickson.   After a part of the work had been done Preston became financially embarrassed, and finally, went into bankruptcy.   Thereafter Dickson brought this action against the city to recover the money which had been earned and was unpaid when Preston abandoned the work.   Preston, Schroeder, and Donnelly intervened in certain causes of action, claiming that the assignments to Dickson were void, and that the money should be paid to the intervenors.   The city holds the money for whoever is found entitled to it.

The contention that the assignments are void rests upon the assertion that they are usurious, and also in violation of section 12 of chapter 15 of the charter of the city of St. Paul and chapter 268, p. 310, Laws 1899.   The assignments are practically identical in form and are substantially in the following language:

> For value received I hereby assign, sell, transfer, and set over to E. M. Dickson, all of my claims against the city for work performed or to be performed in putting in sewer on ——— avenue, and I hereby authorize the city comptroller to pay over to E. M. Dickson all the estimates on said sewer, who is authorized to sign my name to them.

The charter of the city of St. Paul (section 12, c. 15) provides that:

> No contract with said city for the doing of any public work shall hereafter be assigned or transferred in any manner, and any

[2]JAGGARD, J., took no part.

assignment or transfer, except by operation of law of any such contract shall fully end and determine such contract and shall make the same null and void as to any further performance thereof by the contractor or his assigns without any notice or preliminary act on the part of said city; and the board of public works of said city may at once proceed to relet such contract or the commissioner of public works may, in the discretion of said board, proceed to complete the same as the agent and at the expense of such contractor and his bondsmen.

The intervenors contend that this provision of the charter deprives the contractor of his right to assign his claims against the city. If we should give the section this construction, it would be a very serious question whether it would not be void as an attempt to improperly restrain the rights of individuals in respect to private contracts. But the evident purpose of the provision is to prohibit an assignment or transfer of a contract which will work a novation of parties and thus substitute another party for the one with whom the city entered into contractual relations and in whose capacity and ability it has confidence. Preston never attempted to assign his contracts. He made no effort to relieve himself from the obligations and burdens which the contracts imposed upon him, and we can discover no good reason why he was not legally competent to sell or assign the claims he had against the city for money due or to become due as the performance of the contracts progressed. See Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572.

Upon the whole evidence it is apparent that the assignments to Dickson were made in good faith for a valuable consideration and that there were good and substantial reasons which induced Preston to make them. The consideration was valid and legitimate as required by O'Connor v. Meehan, 47 Minn. 247, 49 N. W. 982. The question of usury must be determined by the nature of the contracts of assignment. If they were assigned as security for the payment of a debt, the transactions were usurious. But if it was a sale of Preston's claims against the city, the question of usury is eliminated. This question is not to be determined entirely by the language of the assignments, and there were evidence and circumstances surrounding the transaction sufficient to require the issue to be submitted to the jury.

But we are of the opinion that the intervenors were not in a position to successfully assert a right to the recovery of the money from the city, even though the jury found that the assignments were made as security for the payment of a usurious debt. Their claim rests upon the theory that they became entitled to the money when Preston abandoned his contracts, because through his default they might be called upon to pay a large sum of money under the conditions of their bonds. But the extent of their liability has never been determined. The labor claims were all paid by the city, and the sureties could at the most be called upon only to pay the debts incurred by Preston for materials furnished for use in the work. The amount of claims of this character was undetermined at the time of the trial. It was admitted that the sureties had been sued by parties who claimed to have furnished such materials, but it did not appear whether the intervenors had interposed defenses in such actions or whether they can legally be required to pay the claims or any part thereof. They were therefore not entitled to a verdict against the city for any amount of money, but were entitled to have the action stayed until the extent of their liability was determined and the same discharged.

The orders appealed from are reversed, and the case is remanded to the district court, with directions to proceed in accordance with the views herein expressed.