[Civ. No. 258.   Second Appellate District.—October 16, 1906.]

## C. A. SUMNER, Appellant, v. W. G. NEVIN, Respondent.

CONTRACT FOR PERSONAL SERVICES NONASSIGNABLE—TRUST NOT ENFORCEABLE BY MASTER AGAINST SERVANT.—A contract for personal services, founded on personal qualities, is not assignable without the consent of all parties; and the court cannot direct an assignment of it, or decree the same to be held in trust by a servant who has taken such contract in his own name, after a similar contract in favor of his master had terminated, although the employment had not terminated, and the master had requested the servant to renew the contract for the master's benefit.

ID.—TERMINATION OF CONTRACT—DUTY OF SERVANT TO ACCOUNT.—Where the contract of employment called for an equal division of all commissions on the sale of real estate secured by the servant while the employment continued, and provided for fifteen days' notice of discontinuance, and the servant inconsistently took employment from another, while he was obligated under his contract to devote all his time to his employer, the employer is entitled to enforce an accounting of one-half of all sales made by the servant under the new employment until the expiration of the fifteen days' notice given by the servant to terminate the employment.

ID.—PROPERTY BELONGING TO EMPLOYER.—Whatever the servant received from any source during the employment belonged to the employer; and any property acquired by him during the employment ought to have been taken for his employer; yet as to the latter, it can only apply to such property received by the employer which is assignable or transferable in character.

ID.—ACCOUNTING IN EQUITY—JURISDICTION OF SUPERIOR COURT.—The subject of an accounting between master and servant, as to commissions received by the servant during the contract of employment for which he refused to account, is cognizable in equity in the superior court, though the amount recoverable may be less than $300.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Works, Lee & Works, for Appellant.

T. J. Norton, and E. W. Camp, for Respondent.

ALLEN, J.—Judgment for defendant entered upon an order sustaining a demurrer, without leave to amend, from which plaintiff appeals.

It appears from the amended complaint that plaintiff, in November, 1901, held an exclusive agency for the sale of certain real property in the city of Los Angeles; that while such agency was in force plaintiff and defendant entered into a contract, by the terms of which plaintiff employed defendant in said business of real estate and in such other capacity as he might elect, and the second party agreed to devote his entire time and attention to the interests and business of said first party upon such business as said first party may direct, receiving as compensation therefor ten per cent commission

on all policies of insurance placed by him with said first party, and one-half of the net commissions received on all loans, rentals, real estate deals and other transactions brought to plaintiff by defendant. It was agreed that such contract of employment might be terminated by either party upon fifteen days' notice in writing, and that all deals pending at the time of the termination of said contract were to be closed and the proceeds divided under the contract. After the execution of this contract of employment, the agency of the plaintiff in relation to said tract first mentioned terminated, and plaintiff directed defendant to enter into negotiations with the owners for an extension of such exclusive agency in plaintiff's behalf. It is averred that defendant, instead of procuring an extension in behalf of plaintiff, took from the owners in his own name a contract of agency, by the terms of which defendant personally obtained the exclusive agency at a commission less than that originally agreed to be paid to plaintiff; that on August 10, 1902, defendant notified plaintiff of the termination of his contract of employment, and at the same time notified him that he had taken the exclusive agency of the tract in his own name, and thereafter proceeded to the sale of lots in said tract, some of which were by him sold after July, 1902, and before September 1st, the amount of which sales aggregated $3,300; and under the contract of defendant with the owners of the tract would have entitled him, at a commission of seven and one-half per cent, to the sum of $247.50, gross commission. There is no specific statement as to any other lots sold prior to the termination of employment.

The plaintiff demanded judgment that the contract of agency between the owners of the tract and defendant be decreed the property of the plaintiff, and that he have an accounting of the amount of commissions received by defendant, and a judgment for one-half the net amount thereof.

The theory upon which the plaintiff proceeds is, that he was entitled to the services of the defendant until fifteen days after notice of the termination of the employment, to wit, until August 26, 1902; and that the contract entered into by defendant before such date last mentioned, while in the name of Nevin, was the property of plaintiff.

While plaintiff in his complaint speaks of the various dates of the termination of the contract and of the service of no-

tice as being in the year 1904, the written notice itself is set out in the complaint, which bears the date of 1902, and taking the whole complaint together, it is clearly indicated that a typographical error has occurred, and that the transaction spoken of was intended to have been alleged in the year 1902.

The contract of employment between plaintiff and defendant was a personal one, and by its terms the relation of master and servant arose, under the definition of section 2009, Civil Code, rather than that of principal and agent, as defined by section 2295, Civil Code. While under the admitted allegations of the complaint defendant violated his duty toward his employer in accepting other employment inconsistent with the duties which he owed to plaintiff, yet the personal character of the contract which he entered into with the owners of the tract would prevent plaintiff from having any assignment thereof or benefit therefrom other than such benefit as inured to him while defendant was actually in his employ. This contract entered into between Nevin and the tract owners being special and founded upon personal qualities, was unassignable without the consent of all parties therteo. (*Taylor* v. *Black Diamond Coal Co.*, 86 Cal. 590, [25 Pac. 51].) The same, therefore, not being assignable in its character, a court could not direct the assignment or decree the same to be held in trust. Were it to do so, it would be to say that a court might decree relief to which the party was not entitled in virtue of the contract and under the law; that equity instead of following the law should disregard the same. The obligation, however, of defendant under this contract with plaintiff was to devote his entire time and attention to the interests and business of plaintiff while this employment existed. It follows, therefore, that whatever defendant received during the life of this contract with plaintiff on account of his services in similar lines of employment, whether under this contract with the tract owners or otherwise, belonged to his employer. This would be true, also, of any property acquired, which in virtue of his employment, ought to have been taken for his employer; yet as to the latter, it can only apply to such property received by the employee assignable or transferable in its character.

There is no question of damages involved in the action, in that it is nowhere averred in the complaint that defend-

ant could have procured a contract in behalf of plaintiff similar to the one taken in his own name; nor any damages on account of the nonperformance of the duty required by plaintiff of defendant. It is admitted, however, in the complaint that while the employment between plaintiff and defendant was in force defendant received, as agent of these tract owners, certain commissions, a part of which are specifically set forth as aggregating the sum of $247.50, with an additional averment that during that time he sold other lots and blocks, but plaintiff is unable to state the number of any such lots or blocks, or any of them, or the price for which the same, or any thereof, were sold, or the dates of the sales. Section 1986, Civil Code, makes it the duty of an employee, on demand, to render to his employer just accounts of all his transactions in the course of his business, as often as may be reasonable and without demand, give prompt notice to his employer of everything he receives for his account. There is an admitted allegation that a demand has been made upon defendant for such accounting, which has been refused. We think the complaint states facts sufficient to entitle plaintiff to an accounting of the amount of commissions actually received during the term of the employment, with a statement of the outlay incident thereto, that the net amount thereof might be determined, and one-half of such amount awarded to plaintiff. That the right to an accounting is to be determined from the situation of the parties with reference to the accounts, and not because of any particular relation which one bears to the other, appears to be the doctrine of *Coward* v. *Clanton,* 122 Cal. 451, [55 Pac. 147]. The subject of accounting is one cognizable in equity, over which the superior court has jurisdiction. We are of opinion, therefore, that the court erred in sustaining the demurrer to the complaint.

The judgment is reversed and cause remanded for further proceedings.

Gray, P. J., concurred.

Smith, J., concurred in the judgment.