## NATIONAL SURETY COMPANY ET AL. v. MAAG ET AL.

[No. 6,320. Filed January 6, 1909.]

1. CONTRACTS.—*Money Due Under.—Assignment.—Street Paving Contracts.—Sureties.—Release.*—A street paving contractor's assignment of "the assessment rolls, and all his rights thereunder to moneys, and Barrett-law bonds to be derived from and accruing on account of the assessments to be levied," as security for money advanced to complete the paving contract, is not an assignment of the street paving contract, does not release the contractor's surety, and would not release him if it were an assignment of the contract. p. 18.

2. MUNICIPAL CORPORATIONS.— *Streets.— Improvements.—Bonds.*—Assessments for street improvements cannot be made, or bonds issued, until the work is completed and accepted by the municipality. p. 19.

3. WORK AND LABOR.—*Moneys Advanced to Pay for.—Street Improvements.—Bonds.—Sureties.—Equity.*—Where a street paving contractor gave a bond to complete certain work, and borrowed money which he used in the payment for labor, on the completion of the work, the person advancing the money is equitably entitled to receive his amount in full out of the contract price, since

the laborers themselves may recover from the sureties on the bond. p. 19.

From Superior Court of Marion County (67,803) ; *James M. Leathers,* Judge.

Action by Henry Maag against the National Surety Company and another. From a judgment for plaintiff and certain others, said company and others appeal. *Affirmed.*

*Pickens, Moores, Davidson & Pickens,* for appellants.

*Hawkins, Smith & Hawkins, Weaver & Young* and *Morgan & Morgan,* for appellees.

ROBY, J.—This action, for an amount claimed to be due on account of material and labor furnished, was brought by appellee Maag against George Kessler and the National Surety Company, on certain contracts and bonds executed by Kessler as principal and the surety company as surety in favor of the city of Indianapolis, by which Kessler undertook to make certain street improvements. John and William Wocher, composing the firm John Wocher & Bro., the Consolidated Coal & Lime Company, George Shelby, and Ashman & Ashman, who claimed that certain amounts were due to them on contracts with Kessler and for labor and material furnished by them, were made defendants, and each filed a general denial to the complaint and also a cross-complaint. Issue was joined on the complaint and the several cross-complaints by answers in general denial. The cause was tried by the court, which made a special finding of facts and stated conclusions of law thereon, to each of which appellants excepted.

The findings show that on July 27, 1903, the defendant Kessler entered into a written contract with the city of Indianapolis to improve parts of two streets therein; that Kessler executed bonds to the city in the sum of $3,800, conditioned that he would faithfully perform his contracts, with the National Surety Company as surety; that Kessler be-

gan said improvements, but later abandoned the contracts, and in February, 1904, became a bankrupt; that on August 28, 1903, during the prosecution of the work, Kessler, in order to procure funds to pay for the labor employed upon said work, entered into contracts in writing with John Wocher & Bro., whereby he assigned the assessment rolls and all his rights thereunder to the money, and Barrett-law bonds accruing on account of the assessments to be levied on real estate abutting upon the line of said improvement; that, under the contracts of assignment, John Wocher & Bro. advanced Kessler the sum of $7,000, $5,500 of which Kessler expended in payment for labor in the construction of the improvements; that after Kessler abandoned the improvement of the streets John Wocher & Bro. completed the improvement at a cost of $2,637, which was expended for necessary labor and materials; that upon such completion John Wocher & Bro. received in bonds and cash from the city $6,725.88, being the full amount realized from said assessments, less the amount retained by the city for the repairs of the streets.

Appellants base their argument upon the assumption that the contract of Kessler was assigned to John Wocher & Bro.

1. Had the contracts been assigned to John Wocher & Bro. they would be bound in the same manner that Kessler was bound under the contracts to complete the streets and pay the bills. But such is not the case presented. All that Wocher & Bro. had from Kessler was "assignments of the assessment rolls and of all his rights thereunder to moneys, and Barrett-law bonds to be derived from and accruing on account of the assessments to be levied * * * as security for the advancement by said John Wocher & Bro. of such sums as were required by Kessler for weekly pay rolls, and to pay for the labor in the construction of said improvements." An assignment of moneys due or to become due is not an assignment of the contract. *Dickson* v. *City of St. Paul* (1906), 97 Minn. 258, 260, 106 N. W. 1053;

*Chapin* v. *Pike* (1903), 184 Mass. 184, 186, 68 N. E. 42; *Segee* v. *Downes* (1887), 143 Mass. 240, 241, 9 N. E. 565. Unless the work was completed the city would not accept the streets, and no assessment rolls would be issued against the abutting property holders. The surety company had the right to complete the work if it saw fit, but it did not do so, and the streets remained in the condition they were for several months, until John Wocher & Bro., to protect themselves for the money advanced by them to Kessler under their contracts of assignment, completed the improvements, so that an assessment could be levied.

The trial court in its fifth conclusion of law stated "that the defendants John Wocher & Bro. have, and are entitled to, a first and paramount lien upon and interest in said equitable fund for the payment of moneys advanced by said John Wocher & Bro. and expended by them in constructing and completing the work upon said streets amounting, in the aggregate, to $8,137." The plaintiff and other defendants were given judgment for their labor and material claims against defendants George Kessler and the National Surety Company, and John Wocher & Bro. were given judgment against George Kessler for "the balance due upon the indebtedness of said defendant Kessler to the defendants John Wocher & Bro., by reason of the insufficiency of such equitable fund to pay in full said indebtedness."

Judgment affirmed.