[S. F. No. 5985. In Bank.—June 18, 1914.]

## FRANK I. BUTLER, Appellant v. SAN FRANCISCO GAS AND ELECTRIC COMPANY (a Corporation), Defendant and Respondent, and HENRY T. JOHNSON, Intervener and Respondent.

BUILDING CONTRACT—AGREEMENT FOR DOING WORK SO AS TO DEFRAUD CREDITOR OF CONTRACTOR.—An agreement between a building contractor and a third person, whereby the latter undertook to do the work and furnish the materials called for by the building contract, for the price specified therein, which was entered into for the purpose of defrauding a judgment creditor of the original contractor and prevent him from levying and enforcing execution upon any money which would become payable from the owner of the building to the contractor, is fraudulent and void as to such judgment creditor, and cannot create any right, legal or equitable, to the prejudice of the interests of such creditor.

ID.—MONEY DUE UNDER CONTRACT—RIGHTS OF EXECUTION CREDITOR OF CONTRACTOR—PAYMENT TO SHERIFF IN SATISFACTION OF EXECUTION.—As such agreement was void so far as the judgment creditor was concerned, moneys becoming due from the owner of the building in pursuance of the building contract must be treated as a debt due

from the owner to the original contractor, and is subject to be levied upon by his judgment creditor. Under section 716 of the Code of Civil Procedure, the owner of the building, after the issuance of the execution and before its return, and even without any levy thereof, was justified in paying to the sheriff moneys due under the building contract in satisfaction of the execution, and such payment constituted a discharge of the debt of the owner to the extent of the amount so paid.

ID.—ASSIGNMENT OF MONEY DUE UNDER CONTRACT—ASSIGNEE MAY RECOVER—PROVISION PROHIBITING ASSIGNMENT OF BUILDING CONTRACT. Notwithstanding a provision in the original building contract prohibiting any assignment of it or the letting of any portion of the work to a subcontractor, the contractor, after the complete performance of the work, could make an assignment of the money due under the contract, and his assignee could recover the same from the owner, subject to the prior rights of the judgment creditor of the contractor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Wm. H. Chapman, and John J. Roche, for Appellant.

Wm. B. Bosley, and Leo H. Susman, for Respondent San Francisco Gas and Electric Company.

R. V. Whiting, for Intervener and Respondent.

LORIGAN, J.—This cause was transferred to this court after judgment affirmed by the district court of appeal.

On December 30, 1909, William A. Butler, brother of the plaintiff, entered into a written contract with the defendant Gas Company to furnish the labor and material and do the brick and terra-cotta work on a certain building to be constructed for the defendant, the latter agreeing to pay him therefor the sum of two thousand nine hundred and forty dollars.    The contract expressly provided that no assignment of it should be made by said Butler nor any portion of the work sublet by him to any subcontractor without the written consent of the defendant and that said Butler should personally supervise and direct the work contracted for.    On February 12, 1910, said William A. Butler and his brother, the plaintiff herein, entered into the following contract:

"This agreement made this twelfth day of February, 1910, between Frank I. Butler, party of the first part, and William A. Butler, party of the second part, both of the city and county of San Francisco, Witnesseth: that the party of the first part does hereby agree for and in consideration of two thousand nine hundred and forty dollars, to furnish all labor and material required to do all the brick work and set all terra-cotta, for building of the addition of the central station 'C' of the San Francisco Gas and Electric Company, east of Fourth Street, all in accordance with the plans and specifications furnished by D. H. Burnham & Co., architects, and included in the contract entered into by the said W. A. Butler and the said San Francisco Gas and Electric Company. In consideration of this agreement the said W. A. Butler will pay or cause to be paid to the said Frank I. Butler the above mentioned sum when it becomes due from the said San Francisco Gas and Electric Company."

Under this last contract the work was commenced by the plaintiff although it was personally supervised and directed by said William A. Butler and was completed and accepted by the defendant on April 14, 1910. No question is made but that the work provided to be done was done satisfactorily. On March 19, 1910, the defendant paid to William A. Butler one thousand three hundred and fifty dollars pursuant to the terms of its contract with him which left a balance to become due under the contract of one thousand four hundred and forty dollars ($150 having been deducted by mutual consent) of which seven hundred and five dollars was payable April 14, 1910, the remainder of seven hundred and thirty-five dollars payable thirty-five days thereafter, or about June 4, 1910. On April 7, 1910, plaintiff in writing notified defendant that he was the subcontractor for the work; that he had received from William A. Butler one thousand three hundred and fifty dollars, the first payment thereon, and that another payment would be due thereon in a few days as his work would then be finished, and notified defendant to withhold the money due on its contract with William A. Butler for the plaintiff. This notice was accompanied with a copy of the contract set forth above between plaintiff and the said William A. Butler. The defendant was not requested to nor did it give its consent to the contract entered into between the Butlers, nor did it know of such contract or that William A.

Butler had not personally performed the work under his contract with it until this notice and a copy of the contract was served on it on said April 7, 1910, when the work was substantially completed.

The intervener herein, Henry T. Johnson, had on November 7, 1909, obtained a judgment against said William A. Butler for $862.25. An execution was issued thereon on March 23, 1910, and served on defendant, levying upon any moneys due or owing by defendant to said William A. Butler. On April 18, 1910, William A. Butler by written instrument assigned to plaintiff all moneys due or to become due by reason of his contract with defendant but of this assignment defendant had no notice until the present action was brought. On April 25, 1910, plaintiff served another notice on defendant similar to that of April 7, 1910, but on April 28th thereafter the defendant paid to the sheriff under the levy on the execution heretofore referred to the sum of seven hundred and five dollars and took the receipt of the sheriff therefor. On May 12, 1910, plaintiff filed a claim of lien for one thousand four hundred and forty dollars against the property of the defendant upon which the work had been performed and thereafter commenced this action. Prior to the filing of the second amended complaint herein and about October 18, 1910, another writ of execution was issued on the judgment against William A. Butler obtained by the intervener Johnson and was served on defendant to satisfy a balance claimed to be due on said judgment of $164.30 but no part of this was paid by the defendant.

The second amended complaint set forth three causes of action; to foreclose a mechanic's lien; to recover upon the notices served on the defendant to withhold the money due; to recover upon an assignment to plaintiff from William A. Butler of all moneys due him under his contract with defendant.

The defendant Gas Company in its answer set up as a defense the violation of the clause in its contract with William A. Butler, and further that the contract between said William A. Butler and the plaintiff had been knowingly and fraudulently entered into by them for the purpose of defrauding a judgment creditor—the intervener Johnson—out of the fruits of his judgment against said William A. Butler by a transfer from said William A. Butler to the plaintiff of the moneys

which might become due from the defendant under its contract with said William A. Butler; set up the payment by defendant of seven hundred and five dollars to the sheriff under the execution as heretofore stated, and the further levy on the money in its hands for the balance claimed to be due said Johnson on his judgment; and admitted that there was due William A. Butler under his contract any balance remaining, after deducting these amounts.

A ·complaint in intervention was filed by the intervener Johnson in which said William A. Butler was made a party defendant and to which he appeared and answered. The intervener also attacked the validity of the contract between William A. Butler and the plaintiff on the ground that it was entered into between them for the purpose of cheating and defrauding him of the fruits of his judgment obtained against William A. Butler and asked for a judgment requiring the defendant Gas Company to pay over to the sheriff upon the execution levied on the money in its hands the balance due said intervener.

The court found that the contract entered into between William A. Butler and the plaintiff was in legal effect an assignment of the contract between said William A. Butler and the defendant and utterly void as in contravention of the clause in the original contract prohibiting any assignment thereof; that being void for this reason plaintiff succeeded to no rights whatever under it either to support a lien or any other claim against the defendant; that the assignment of April 18, 1910, from William A. Butler to plaintiff of all moneys due or to become due arising out of the contract between William A. Butler and defendant was equally void by virtue of the prohibitory clause in the original contract. The court further found that the contract between the Butlers was made pursuant to a collusion and conspiracy on their part to defraud the intervener as a judgment creditor of William A. Butler; sustained the payment of the seven hundred and five dollars made by the defendant to the sheriff on the levy of the execution and found that there was still due the intervener $156.67 as a balance on his judgment against William A. Butler; and that there was unpaid from defendant to William A. Butler the sum of $578.33. The judgment was that the intervener had a lien on the moneys in the hands of the defendant due and unpaid from it to William A. Butler to the

extent of the balance due on his judgment; and that plaintiff take nothing by his action.

Plaintiff appeals from the judgment and insists that the view of the trial court that the contract entered into between himself and William A. Butler was in legal effect an assignment of the original contract and, hence, void, is erroneous. He insists further that the finding of the court that this contract between himself and William A. Butler was fraudulently entered into for the purpose of defeating the claim of the intervener as a judgment creditor of William A. Butler and so sustaining the payments made by the defendant under the execution levied thereon is not supported by the evidence; and, in any event, that as to the balance of the contract price admitted to be due by defendant to William A. Butler plaintiff as his assignee was entitled to a judgment for it in his favor.

As to the nature of the contract between himself and William A. Butler the position of the appellant is that that contract does not purport to be an assignment of the original contract and does not have that legal effect; that it does not pretend to transfer the legal title to plaintiff or create any privity between the plaintiff and defendant; that it is purely an independent contract whereby plaintiff undertook to furnish the materials and do the work contracted for by William A. Butler for the sum which was to be paid by it to William A. Butler; that the fact that the price to be paid coincides in both contracts is entirely collateral and does not make his contract with William A. Butler an assignment or detract at all from its force as an independent contract. While stating this contention as to the nature of the contract we do not feel required to determine it. In the view we take on this appeal a construction in harmony with the contention of appellant could only be important on the question of a lien in his favor, and then only with reference to a portion of the last payment admitted by defendant to be due William A. Butler for the work performed, because under the particular finding of the court, to be immediately referred to, that is all which, in any event, the plaintiff would be entitled to recover. And if entitled to a judgment for that amount it is apparent in this case that he will be just as fully protected by a personal judgment against the defendant as through a lien. The question must, as we say, be limited to the right of plaintiff to recover

this balance of the last payment for the work because whatever the nature of the contract between plaintiff and William A. Butler may have been, the finding of the court that it was fraudulently made for the purpose of defeating the rights of the intervener as a judgment creditor of William A. Butler if supported by the evidence fully warranted the trial court in sustaining the payments made by the defendant to the sheriff after the levy of execution and providing also for the further payment of the balance due on the judgment.

The court found that the contract entered into between the Butlers was made ''for the purpose of cheating and defrauding the said Henry T. Johnson (the intervener) out of the fruits of his said judgment and render it impossible'' to levy and enforce execution upon any money which would become payable from defendant to William A. Butler; that the two Butlers knowingly, willfully, and fraudulently colluded and conspired together and executed their contract to accomplish that purpose. Appellant challenges this finding. But as fully sustaining it it is only necessary to quote the testimony of one witness—Kendall Dazy—as to a conversation had with plaintiff as follows: ''The substance of the conversation was that Mr. Frank I. Butler called at the treasurer's office, with which I am connected, the treasurer's office of the gas company, to see about getting payment of one hundred and fifty dollars on the architect's certificate of D. H. Burnham & Company which he had in his possession, and inasmuch as there had been some litigation on the question, I took Mr. Butler up to Mr. Susman's office, because I did not know the *status* of the matter, and I thought Mr. Susman could tell Mr. Butler the *status* and just when he could get this, if at all. Mr. Butler stated to Mr. Susman that at the time the contract was transferred it was done for the reason that if Mr. William A. Butler completed the contract Henry T. Johnson would levy on the moneys coming to him, and it was for the purpose of preventing the levy by Mr. Johnson that the contract was transferred to Frank I. Butler. Frank I. Butler stated that if he had known the trouble that would occur on account of the transfer of this contract he would not have taken it over.'' Substantially the same testimony was given by Mr. Susman. Plaintiff testified that he did not remember such statements but the court accepted the testimony of the other witnesses as it had a right to do and this justified the

finding which appellant questions. The law applicable under such a finding is clear. The original contract between William A. Butler and defendant was while effective an asset of the former which was capable of being subjected to the claim of the intervener as a creditor in satisfaction of his judgment. Treating the contract between the Butlers as an independent contract it was nevertheless one under which plaintiff took over the work agreed to be done by William A. Butler for a consideration the same in amount as the former had contracted to do the work for and which was entered into and performed for the express purpose of defrauding the intervener as a creditor out of any right which he may have had against William A. Butler, his debtor, had the latter completed the original contract. No right, legal, or equitable, can arise out of a fraudulent transaction of this kind which would prejudice the substantial interests of a creditor. Any such contract or arrangement entered into with the intent to hinder, delay, or defraud a creditor is void as to him. "One who knowingly takes a conveyance or assignment to aid or abet a scheme to defraud creditors cannot hold the fraudulent instrument, or any interest under it, as against the creditors to secure the amounts paid for it or for the satisfaction of taxes or encumbrances he had paid upon the property it affects." (*Burt* v. *Gotzian & Co.*, 102 Fed. 937, [43 C. C. A. 59].) The effect of such attempted transfer is clearly stated in *First National Bank of L. A.* v. *Maxwell*, 123 Cal. 360, [69 Am. St. Rep. 64, 55 Pac. 980], as follows: "The code expressly declares that such a transfer 'is void against all creditors of the debtor.' A void thing is as no thing. So far as existing creditors are concerned, the title and ownership of the property remained in the fraudulent grantor as fully as though no transfer had been attempted. In 1 Freeman on Executions, section 136, it is said: 'As against the fraudulent transferee the creditor may seize the property, whether real or personal, as that of the fraudulent vendor, and may proceed to sell it under execution. The title transferred by such sale (on execution) is not a mere equity—not the right to control the legal title and to have the fraudulent transfer vacated by some appropriate proceeding; it is the legal title itself, against which the fraudulent transfer is no transfer at all.' This language was quoted and approved by this court in *Judson* v. *Lyford*, 84 Cal. 507, [24 Pac. 286]. See, also,

*Bull* v. *Ford,* 66 Cal. 176, [4 Pac. 1175], where the same point was decided.''

As the contract between the Butlers was void as far as the creditor Johnson was concerned the debt due from the defendant was to be treated as a debt due from it to William A. Butler subject to be levied upon by the judgment creditor and which the defendant was justified in paying over to the sheriff upon such levy. Section 716 of the Code of Civil Procedure provides that: ''After the issuing of an execution against property and before its return, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt or so much thereof as may be necessary to satisfy the execution; and the sheriff's receipt is a sufficient discharge for the amount so paid.''

Under this section the defendant paid the sheriff seven hundred and five dollars which became due April 16, 1910, as a payment under its contract with William A. Butler. It is true that when the execution was levied on March 23, 1910, this payment was not due but this fact had nothing to do with the validity of the payment made by defendant after it had become due. It was not essential to the validity of the payment that there should have been any levy at all. Under the section the conditions which justified the payment by the debtor are that an execution against the property of the debtor has been issued and not returned. A levy has nothing to do with the right of the debtor to pay to the sheriff. The case of *Skelly* v. *Winchester School Dist.,* 103 Cal. 652, [37 Pac. 643], is directly in point. There it was held that, although the defendant, being an instrumentality of the state, could not be the subject of garnishment, yet, under the provisions of said section 716, it was authorized voluntarily to pay ''the amount of a debt due to its creditor to the sheriff while the sheriff has in his hands an execution issued upon a valid judgment against the creditor of the district.''

Likewise, as the interest of William A. Butler in the original contract was unaffected as to the rights of the creditor Johnson on account of this fraudulent transaction with plaintiff, this afforded sufficient justification for the trial court to direct that there be paid by the defendant to Johnson the sum of $156.67 as the balance due on his judgment.

It will now be observed that deducting these amounts—$705 and $156.67—from the $1440 due under the original

contract leaves the sum of $578.33 unpaid and in the hands of the defendant. The defendant admitted that it was indebted under the original contract for that amount but contends that it owes it to William A. Butler and not to the plaintiff and this is the effect of the judgment rendered by the trial court. In this conclusion we are of the opinion that the trial court was in error. Assuming, as the court found, that the contract between the Butlers was void as an attempted assignment of the original contract, then the work under it must be deemed to have been done by William A. Butler and on this theory the payments thereunder were due to him alone. But one of the causes of action set up by plaintiff as the basis of a recovery against defendant was an assignment by William A. Butler to him of all moneys due or to become due under the original contract which was made after the work was fully performed and accepted by the defendant. The theory of the trial court was that this assignment of these moneys due under the original contract was void as controverting the clause of the contract against assignment. But it is apparent from the terms of the prohibition against assignment that this went only to the performance of the work itself which was to be personally supervised by William A. Butler. It did not apply to the benefits accruing on performance of the work. He was to perform the work before any liability could exist for the final payment. That work was done and all that was assigned was the final payment earned but not yet due. The mere assignment of moneys due or to become due, although the contract may not be assigned, is held not to be an assignment of the contract. (*National Surety Co.* v. *Maag,* 43 Ind. App. 16, [86 N. E. 862]; *In re Wright,* 157 Fed. 544, [85 C. C. A. 206]; *Dickson* v. *City of St. Paul,* 97 *Minn.* 258, [106 N. W. 1053]; *Fortunato* v. *Patten,* 147 N. Y. 277, [41 N. E. 572].)

The assignment of the payments being valid, the court should have entered a judgment in favor of the plaintiff for this balance of $578.33. It had all the parties before it so that complete disposition of the matter could be had. The claims of Johnson, the intervening creditor, were satisfied. Defendant had admitted that it owed the money. One or the other Butlers was entitled to it. William A. Butler was before the court, having answered the complaint in intervention. He made no claim to the money, and clearly under his assign-

ment was estopped from doing so. It is true, as found by the court, that the defendant had no notice of this assignment until this action was brought. This, however, would only affect the matter of costs. But under the circumstances we do not think the defendant is entitled to any consideration in that matter. While it had no notice until this suit was brought of this particular assignment it had several notices served upon it which showed that plaintiff was quite persistently claiming that he was entitled to the money from the defendant and that as between the Butlers, who were the only ones except the creditor Johnson who made claim to a portion of it he was entitled to it.

As we have said, we do not think it is necessary to pass upon the question as to the nature of the contract between the Butlers, whether in effect an assignment or an independent contract. This would only be necessary if we thought the matter of a lien in favor of the plaintiff was important. But it is not. Plaintiff, for the reasons heretofore given, would not in any event be entitled to recover a greater sum than the amount of the balance of the final payment due by the terms of the original contract. The defendant admitted that indebtedness and its willingness to pay it to William A. Butler. No question arises but that it is amply able to make the payment and to whoever the court determines is entitled to it.

The judgment is reversed with directions to the lower court to enter a personal judgment in favor of plaintiff against the defendant for $578.33 and costs.

Shaw, J., Angellotti, J., Melvin, J., and Henshaw, J., concurred.