[S. F. No. 7329.   In Bank.—July 19, 1916.]

HUGH M. CAMERON, Petitioner, v. A. J. PILLSBURY
et al., as Members of and Constituting the Industrial Acci-
dent Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT—COMPENSATION OF EMPLOYEE BY SALARY
AND COMMISSION—LIABILITY OF EMPLOYER FOR ACCIDENTAL INJURIES.
An employer, engaged in the real estate business, who is entitled
to all the working hours of his employee, and empowered to direct
his labor in said business, although the employee is compensated
partly by salary and partly by commissions on business brought in
by him, is liable under the Employers' Liability Act for injuries
sustained by the employee by accident while engaged in transacting
business which, although not coming within services for which he
was entitled to salary, would entitle him to the agreed commission in
accordance with his contract of employment.

APPLICATION originally made to the Supreme Court for
a Writ of Certiorari to review an award of the Industrial Ac-
cident Commission.

The facts are stated in the opinion of the court.

Dunn, White & Aiken, for Petitioner.

Christopher M. Bradley, for Respondents.

HENSHAW, J.—Review to consider the award of the In-
dustrial Accident Commission under the following findings of
fact:

"1. That Henry E. Trobitz, applicant herein, was injured
by accident on the twentieth day of June, 1914, while in the
employment of defendant Hugh M. Cameron.

"That at the time of said accident the applicant was em-
ployed by the defendant in his real estate business in Oak-
land, California. That the applicant was paid a salary of
sixty dollars per month, and in return for this amount was
expected to perform certain services as directed, including the
collection of rents, renting of houses, placing of signs upon
houses, renewing of insurance policies and collecting of pre-
miums due upon such renewals. That the hours of labor of
the applicant were from 8 A. M. to 6 P. M., and that the

defendant had full direction and control over the labor and services of the applicant during these hours to whatever extent he chose to exercise it. That by the terms of said employment the applicant was to give his services exclusively to the defendant's business, unless relieved therefrom by permission of the defendant.

"That to stimulate additional labor upon the part of the applicant he was offered in addition to the said sum of sixty dollars per month, certain commissions upon new business brought by him into the defendant's office, provided that he did not neglect any assigned duties to search for such new business. That for all new insurance solicited and secured by the applicant he was to receive fifteen per cent and the defendant was to retain ten per cent of the commission accruing from such business; that for sales of real estate negotiated by the applicant he was to receive thirty-three and one-third per cent and the defendant was to retain sixty-six and two-thirds per cent of the commission accruing from such sales; that all negotiations instituted by the applicant for sales of real estate were to be brought into the defendant's office to be closed.

"That on the twentieth day of June, 1914, the applicant left the office of the defendant to make some collections, and, after collecting one account for his employer, started for Alameda for the purpose of collecting the first premium upon an insurance policy which he had secured, and also for the purpose of entering into negotiations for the exchange of some real estate, both errands to be transacted with the same person; that neither errand was included within the services agreed to be rendered for the salary of sixty dollars per month, but that, on each of said errands, if successful, the applicant would be entitled to his agreed commission and the defendant would receive the remainder of the profits thereon, in accordance with the agreement stated above. That the defendant knew before the said accident of some but not all of the details of the proposed negotiations for the exchange or sale of the said real estate, and had conversed with the applicant concerning some of the phases of said proposed transaction, but that the defendant did not know that the applicant was going to endeavor to exchange or sell the said real estate on the twentieth day of June, 1914, and did not direct him to undertake such errand. That while on his way

to Alameda on the said errands the applicant was run into by a street-car, receiving the injuries which form the basis of this proceeding.

"And as its conclusions of fact, based upon the foregoing Special Finding of Fact, the Industrial Accident Commission further finds that, at the time of the said accident, the applicant was paid for his services in part by the said salary and in part by a commission upon further business secured by him, that the applicant was, by the terms of his employment, to give substantially the whole of his services to the defendant's business, that the contract of employment of the applicant was one contract for substantially the whole of his services, the applicant to be compensated therefor by a salary and commission, and was not two separate and distinct contracts, that the defendant was authorized by the agreement of hire to exercise full control over the applicant during the whole of his working hours, that the defendant did exercise substantially as much control over the labors of the applicant in securing new business as over the mode of making collections or other services specifically agreed to be rendered, that the defendant exercised as much direction and control over the services of the applicant in securing new business as an average employer exercises over undoubted employees engaged in selling real estate; and that, therefore, at the time of said accident, the injured employee was performing a service growing out of, incidental to, and in the course of his employment, and that the said accident arose out of and happened in the course of said employment."

Petitioner presents the proposition that Trobitz sustained a dual relationship to him: The one that of employee, the other that of "independent contractor or partner"; that had he been injured while in pursuance of the duties for which he drew a salary of sixty dollars a month, the award would be correct, but having been injured in the performance of these independent duties petitioner is not liable. We cannot agree with this view. The employer was entitled to all of Trobitz' working hours and was empowered to direct his labor. In either capacity the latter was an employee. It is not an uncommon thing for retail merchants, for laundrymen, and the like to pay a commission to the drivers of their delivery wagons for all new business which they bring in. It has never been held that this circumstance creates a distinct rela-

tionship in law. They are still employees, as was properly held by the court of appeals under similar facts in *Sumner* v. *Nevin,* 4 Cal. App. 347, [87 Pac. 1105]. A certain amount of freedom of action was inherent in the nature of the work which the injured man performed, but this, however, did not change the character of his employment, for the employer himself still had general supervision and control over it.

The award is affirmed.

Lorigan, J., Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.