[S. F. No. 7591.   In Bank.—February 28, 1917.]

HERBERT F. BROWN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents; CHARLES E. SKIDMORE, Applicant.

WORKMEN'S COMPENSATION ACT—EMPLOYEE TO SELL REAL ESTATE ON COMMISSION.—A person who for upward of two years had been employed to sell real estate on commission, subject to the approval of his principal, under a contract obligating him to pay his own expenses, but requiring him to devote his entire time to the work, and who, in the performance of his work, was subject to the general control of his principal as to his movements and methods of salesmanship, is an employee within the meaning of the Workmen's Compensation Act.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Joseph P. Lucey, for Petitioner.

Christopher M. Bradley, for Respondents.

LAWLOR, J.—The Industrial Accident Commission found that Charles E. Skidmore, the applicant, was injured by accident near Cloverdale, California, while in the employment of the petitioner, Herbert F. Brown. By the writ of review the petitioner presents a single question for consideration—Are the facts found sufficient to establish between himself and the applicant the relationship of employer and employee? The details concerning the employment are stated in special findings of fact which were made by the commission upon his request. It was found: "That the circumstances surrounding the employment of applicant at the time of his injury were as follows: That the applicant had been in the employment of the defendant for over two years as salesman for the selling of certain Contra Costa real estate properties owned and which were being sold by the defendant through agents for his own benefit; that in payment for his services as salesman the applicant was promised, in a certain written contract, a commission of twenty per cent of the selling price of each lot sold, this commission to be deducted from each installment due upon each lot, as paid; that the applicant was further to retain twenty dollars ($20) upon each initial payment of twenty-five dollars ($25) upon lots sold, such moneys to be used for traveling and living expenses, but to be accounted for as a part of the whole commission due upon such sale; that all future commissions were to terminate, as to any lot, upon the forfeiture of the contract for the purchase of that lot; that the applicant furthermore contracted to devote his whole time and energy to selling the lots of the defendant and further agreed not to sell any other Contra Costa real estate for any other person without the consent of defendant, and for a violation of such provision it was provided that the applicant was to

obtain the balance of his commission on lots sold thereafter only when such lots had been fully paid for, instead of receiving his share of each payment as made; that it was furthermore provided in said contract of employment that commissions earned by the applicant were not to be transferable or assignable by the applicant without the written consent of the defendant; that the defendant exercised the right to designate the territory in which applicant should work for the sale of defendant's real estate properties; that defendant supplied applicant with circulars and instructed him in the manner of selling his properties, required applicant to report all proposed sales and to receive his (defendant's) sanction to the closing of sales of defendant's properties, required applicant to make sales according to terms and conditions described by defendant, wrote applicant general letters of instruction, advanced applicant his expenses at various times, but exercised no further or direct control over applicant's time or the manner of doing his work; that the applicant was steadily engaged in defendant's business for nearly two years without selling real estate for any other party during that time; that the defendant had a large number of similar contracts of other salesmen with varying degrees of attention paid by said salesmen to the rendering of services under such contracts; that the applicant was directed by the defendant in May, 1914, to go to Ukiah, California, to sell the defendant's property at this place and was directed by the defendant to accompany one Wellock to Ukiah by automobile, said Wellock to introduce the applicant and to aid him in becoming familiar with the community and people; that while on said trip by automobile to Ukiah to commence his labors with said Wellock, the applicant was injured by the wrecking of the automobile, receiving the injuries which form the basis of this proceeding.''

The award of the commission was not unanimous. A dissenting opinion was filed by Commissioner Pillsbury, from which we quote the concluding paragraph, as it accurately states the contentions which the petitioner urges upon us here: ''The present case is fairly typical of a general situation, namely, that of real estate agents, book agents, canvassers, aluminum utensil sellers, magazine sellers, etc., or of other persons selling articles upon commission and canvassing the country, very generally confined to particular

fields until they have fairly worked out such fields. In my opinion, a, canvasser selling upon commissions, going to work when he pleases and quitting when he wishes to do so, reporting infrequently and not with reference to how he spends his time, is ordinarily an independent contractor, and is not so subject to the control of his principal as to make him an employee within the meaning of the Workmen's Compensation, Insurance, and Safety Act.'' It is not necessary, however, for us to determine the general proposition whether all salesmen of the class mentioned are employees. In each case, the question is one of fact depending for its determination solely upon those particular circumstances which tend to show whether, at the precise time of the accident for which compensation is sought, the petitioner had the power to exercise over the applicant such personal control as to attribute to him the characteristic of an employee. It is pointed out that ''Brown had made more than one hundred contracts similar to the one made with Skidmore with agents in different parts of California, some of them giving their whole time to the work of selling Brown's properties and some only selling lots occasionally and others reporting no sales whatever.'' But these facts are material only in throwing light upon the contractual relations commonly entered into between Brown and the salesmen employed by him. The terms of the contracts do not necessarily determine the existing relation of the parties, but such relation may, and often is, governed entirely by the subsequent conduct of the parties. (*Anderson* v. *Foley Bros.*, 110 Minn. 151, [124 N. W. 987].) The findings show that Skidmore had worked for Brown for more than two years, devoting all of his time as a salesman for his properties. The contract itself expressly provided that he should do so—''you are to devote your whole time and energy to selling my lots while under this contract.'' So long as Skidmore elected to receive the commissions he had earned at the times the respective installment payments should be made on the lots sold by him, he was not at liberty to devote to the work only such time as he pleased.

It may be conceded that the test of a contractor is that he renders service in the course of an independent employment or occupation, following his employer's desires only in the results of the work, but not in the means whereby

it is to be accomplished. (*Green* v. *Soule,* 145 Cal. 96, [78 Pac. 337]. See *Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807, [159 Pac. 721].) But Skidmore did not contract to produce any particular result. The contract was fully performed on his part when he had devoted all of his time to endeavoring to sell Brown's lots, irrespective of the number of sales, if any, which he might make. He could leave the service of the petitioner at any time without being charged with a breach of contract, and was liable to discharge as an employee. The results obtained, so far as Skidmore was concerned, were important merely as a means of ascertaining the amount of commissions he should receive, a circumstance which in itself does not create the relationship of an independent contractor. (*Cameron* v. *Pillsbury et al.,* 173 Cal. 83, [159 Pac. 149].) Nor could he delegate others to carry out the terms of the contract. It called for his personal services. Even his commissions were not to be transferred or assigned without Brown's ''written consent and approval.'' On the other hand, the findings show, and they are not questioned, that Brown not only kept in close touch with the means employed by Skidmore in the performance of his work, but exercised a general control over his movements and methods of salesmanship, while especially reserving the right to approve all proposed sales, a reservation which necessarily implies the power of designating and directing in advance the terms upon which each lot must be sold. And at the time of the accident, so Skidmore testified, he was proceeding to Ukiah because Brown had ''sent'' him there to sell his properties with the assistance of one Wellock, who had been directed by Brown to accompany him. In short, the petitioner had adequate means to control the applicant in the performance of his services (*State* v. *District Court,* 128 Minn. 43, [150 N. W. 211]), and the case comes within the principles supporting *Cameron* v. *Pillsbury et al., supra.* It follows that the commission was warranted in finding that Skidmore was an employee of the petitioner.

Award affirmed.

Sloss, J., Lorigan, J., Henshaw, J., and Angellotti, C. J., concurred.

SHAW, J., Concurring.—Skidmore was engaged by Brown to sell real property. His contract was that he should devote his whole time to that service. At the time he was injured he was acting under Brown's special instructions to go to Ukiah with Wellock to continue his services there. While on that trip he was injured. I am satisfied that during that trip, at least, he was in the service of Brown under a contract of hire, within the spirit as well as the letter of the Workmen's Compensation Act. The fact that his compensation was to be a commission on sales made is immaterial. It was none the less a contract of hire. On this ground I concur in the opinion of Justice Lawlor.

I am not satisfied that a person who is employed to sell real estate on commission and who chooses his own time, place, and manner of seeking purchasers, and who pays his own expenses, would be an employee of his principal in the sense of that act, and I express no opinion on that branch of the case.

Melvin, J., concurred.