[Civ. No. 6744. First Appellate District, Division One.—July 3, 1929.]

CLARENCE GEORGE et al., Respondents, v. D. H. CHAPLIN et al., Appellants.

710

Redman & Alexander and Donahue, Hynes & Hamlin for Appellants.

Ford, Johnson & Bourquin and Dinkelspiel & Dinkelspiel for Respondents.

THE COURT.—An action to recover damages for personal injuries sustained by plaintiff Georgie George and for the expense incurred in that connection by her husband.

The injuries arose out of an automobile accident, and were caused by the negligence of Robert Simmons, who is alleged

to have been the agent and servant of appellants Chaplin. A jury returned a verdict for the plaintiffs and, a motion for a new trial having been denied, an appeal was taken from the judgment.

Appellants contend that the implied finding that Simmons was their servant is unsupported, and that the evidence shows that he was an independent contractor.

Appellants are dealers in automobiles. From the month of September, 1925, to and including the date of the accident, which happened on February 10, 1926, Simmons, who was a salesman, had been engaged in selling the automobiles owned and dealt in by appellants. Simmons testified that he was paid a commission on cars sold by him; that he was required to report daily at 9 o'clock A. M. at appellants' salesroom, at which hour sales conferences were held, and to spend portions of certain days, as directed by appellants, at the salesroom for the purpose of showing visitors the cars placed therein for sale; that his duties included the appraisement of cars taken by appellants in trade; that he received instructions from their sales manager, and on occasions used for demonstration purposes cars owned by them. According to the testimony of one of the appellants their salesmen were subject to discharge at any time, and it was testified by their sales manager that salesmen were expected to render reports as to how their time was spent and as to prospective customers and the persons interviewed, and also that a salesman "could go and come as he pleased, but he had to keep in contact with the office." Each salesman was required to purchase a car from appellants, and on January 15, 1926, Simmons executed a contract for the purchase on installments of an automobile from them, the title to which they retained. After its execution he continued to use for demonstration purposes other cars owned by appellants, but the latter allowed him $10 per month for the use for that purpose of the car contracted for, and at the time of the accident he was demonstrating this car to the plaintiffs, who were riding therein. No part of the purchase price of the automobile, which exceeded $1600, was paid, and shortly after the accident the car was repossessed by appellants. Certain of the salesmen employed by appellants, including Simmons, were required to sign what appellants called their pay-roll in-

structions. This paper stated the percentage of commission to be paid on cars sold; provided for the monthly allowance above mentioned, and also provided for a monthly deduction from the commissions earned until a certain sum had been accumulated, which was to be retained by appellants until the termination of the employment. Other than the above the terms of the employment were oral.

The foregoing is, in substance, the evidence from which the jury concluded that Simmons was a servant, and not an independent contractor.

■ An independent contractor is one who, in rendering services, exercises an independent employment, and represents the employer only as to the results of his work and not as to the means whereby it is to be accomplished (*Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337]; *Moody* v. *Industrial Acc. Com.,* 204 Cal. 668 [60 A. L. R. 299, 269 Pac. 542]); and when the essential object of the employment is the performance of the work, the relation of master and servant does not exist unless the employer retains the right to direct the mode and manner of doing the work (*Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807 [159 Pac. 721]).

■ The real test is whether the employee is subject to the employer's order and control and is liable to be discharged for disobedience or misconduct; and the fact that a certain amount of freedom of action is inherent in the nature of the work does not change the character of the employment where the employer has general supervision and control of it (*Cameron* v. *Pillsbury,* 173 Cal. 83 [159 Pac. 149]; *Sumner* v. *Nevin,* 4 Cal. App. 347 [87 Pac. 1105].)

■ So far as shown there was no express stipulation as to the right of the employer to control the mode and manner of doing the work; and in the absence of such a stipulation the existence or nonexistence of the right must be determined by reasonable inferences drawn from the circumstances shown (*Press Publishing Co.* v. *Industrial Acc. Com.,* 190 Cal. 114 [210 Pac. 820]). The fact that Simmons at the time of the accident was furnishing his own transportation did not affect his status as an employee (*Press Publishing Co.* v. *Industrial Acc. Com., supra; Eng-Skell* v. *Industrial Acc. Com.,* 44 Cal. App. 210 [186 Pac. 163]); and it has been held that evidence that the employer might terminate the employment at any time tended to

negative the independence of the employee (*Press Publishing Co.* v. *Industrial Acc. Com., supra; Brown* v. *Industrial Acc. Com.,* 174 Cal. 457 [163 Pac. 664]). The writing, which was signed by Simmons alone, was silent as to the mode or manner of doing the work, contained no provisions respecting its supervision or direction, and was manifestly not intended to be a complete statement of the rights and obligations of the parties. Under such circumstances, where from the evidence different conclusions might be drawn, the question whether the right to direct the manner of doing the work was reserved by the employer was one for the jury (*Perkins* v. *Blouth,* 163 Cal. 782 [127 Pac. 50]; *Sacchi* v. *Bayside Lumber Co.,* 13 Cal. App. 72 [108 Pac. 885]).

Appellants, in support of their contention, rely upon the case of *Barton* v. *Studebaker Corp., etc.,* 46 Cal. App. 707 [189 Pac. 1025]. There it was held that a salesman employed on commission, with no salary or fixed hours, and over whom the employer exercised no authoritative control, was an independent contractor, for whose negligence the defendant was not liable. In the present case, however, many circumstances are disclosed by the evidence which strongly tend to prove that control was exercised by appellants, and from the facts shown the inference was not unreasonable that, subject to the freedom of action inherent in the employment, it was understood that the right to direct the manner of performance was reserved by them. The question was properly submitted to the jury (*Majors* v. *Connor,* 162 Cal. 131 [121 Pac. 371]; *Buckley* v. *Harkens,* 114 Wash. 468 [195 Pac. 250]), and their conclusion is supported by the evidence.

The judgment is accordingly affirmed.