[Civ. No. 12458.   Second Appellate District, Division Two.—March 13, 1940.]

A. J. STEIN, Appellant, v. IRVIN S. COBB et al., Respondents.

Kornblum & Austrian for Appellant.

F. Eldred Boland and Knight, Boland & Riordan for Respondents.

WOOD, J.—Plaintiff commenced this action to recover the sum of $3,750, alleged to be twenty-five per cent of a sum received by defendant from the sale of the motion picture rights of a work of which defendant is the author.   At the close of plaintiff's evidence the trial court rendered a judgment of nonsuit, from which the appeal is taken.

Defendant is the author of a book entitled ''Down Yonder With Judge Priest and Irvin S. Cobb'', containing eleven or twelve stories.   On January 15, 1932, defendant entered into

a contract with a publishing firm doing business under the name of Ray Long & Richard R. Smith, Inc., wherein it is provided that "the author hereby grants, assigns, and transfers to the publisher" the work in question. Numerous terms are set forth in the contract, in which the publisher agreed to publish and sell the work, paying the author a certain percentage of the selling price. In the seventh paragraph of the contract it is provided: "This agreement may be assigned by either party as a whole, and the assignee thereof shall have all the rights and remedies of the assignor, but neither party may assign any partial interest herein." In the fourteenth paragraph of the contract it is provided: "The copyright and rights herein granted to the Publisher cover the right of dramatization and adaptation for silent and/or talking moving pictures. If the Publisher arranges the sale of any such rights, Seventy-five per cent (75%) of any compensation received shall go to the Author and Twenty-five per cent (25%) to the Publisher."

According to the allegations of the complaint, defendant on March 6, 1935, sold to Twentieth Century-Fox Film Corporation the motion picture rights of the work which is the subject of the contract for the sum of $15,000. Defendant testified that he had made a contract with Twentieth Century-Fox Film Corporation whereby this company had been given the right to use two of the stories contained in the work in question, together with a story taken from another book written by defendant. In his answer defendant alleged that the contract for the publication of the work had been abandoned by mutual consent.

The corporation which had contracted to publish defendant's work became bankrupt and the trustees in bankruptcy assigned the contract to a new corporation, which in turn made an assignment to plaintiff in the following words and figures: "For and in consideration of the sum of One ($1.00) Dollar, and other valuable considerations, receipt of which is hereby acknowledged, the undersigned hereby assigns to A. J. Stein, that certain cause of action existing in favor of the undersigned against Irvin S. Cobb, to recover payment of Twenty-five per cent (25%) of all sums realized by said Irvin S. Cobb from the sale of certain literary materials entitled 'Down Yonder with Judge Priest and Irvin S. Cobb' to Twentieth Century-Fox Film Corporation, all as provided

in that certain contract between Irvin S. Cobb and Ray Long and Richard R. Smith, Inc., a Delaware Corporation, dated January 15, 1932, the undersigned having succeeded to the rights of Ray Long and Richard R. Smith, Inc., thereunder. This assignment shall be limited to the right to recover the sum above mentioned and shall not be construed to convey or transfer any other right accruing to the undersigned under said contract or which the undersigned may now possess by virtue of said contract or otherwise, and especially any rights which are now being asserted by the undersigned in that certain action now pending in the United States District Court for the Southern District of New York, entitled '*Ray Long and R. R. Smith Corporation* v. *Twentieth Century-Fox Corporation and Irvin S. Cobb*', being No. E 83-129 in the files of said court.'

The trial court granted the nonsuit on the ground that plaintiff's assignment is a partial assignment, defendant having argued that plaintiff has no legal standing to enforce a partial assignment against a debtor who has not consented thereto. The court ruled correctly. A creditor may not divide an entire demand into separate parts and maintain a separate action on each part. In *Zirker* v. *Hughes,* 77 Cal. 235 [19 Pac. 423], it was pointed out that the plaintiff who had a right of action for $952 might if permitted to split his demands at will compel a defendant to pay over $4,000 in costs alone. Since a creditor may not split his cause of action it follows that he may not accomplish the same result by the expedient of an assignment to another. (*Grain* v. *Aldrich,* 38 Cal. 514, 519 [99 Am. Dec. 423].) Plaintiff argues that the assignment is merely for an amount due and relies upon *Butler* v. *San Francisco Gas etc. Co.,* 168 Cal. 32 [141 Pac. 818], and *Taylor* v. *Black Diamond Coal Co.,* 86 Cal. 589 [25 Pac. 51], but these cases do not assist him for the reason that although the contracts which gave rise to the causes of action were unassignable, the actions were commenced for moneys due after the rendition of the services called .for by the contracts. In the case now before us it will be noted that although the assignment specifically refers to a cause of action involving the sum realized by defendant from the sale to Twentieth Century-Fox Film Corporation of the motion picture rights in the work in question, the assignment clearly withholds from the assignee any other right

accruing under the contract which the assignor "may now possess by virtue of said contract or otherwise". The assignment further withholds the rights which are "now being asserted" by the assignor in an action in the federal court in New York in which the assignor is plaintiff and defendant and Twentieth Century-Fox Film Corporation are named as defendants. The allegations of the complaint in the New York case are not before us. Indeed, defendant claims that since he was not served up to the time of the trial in the present action he is unaware of the contents of plaintiff's complaint in the other case. The assignment shows on its face that the assignor made only a partial assignment and no proof was presented by plaintiff to negative this *prima facie* showing.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.