[Civ. No. 2541.  Second Appellate District.—July 1, 1918.]

## ROSEDALE CEMETERY ASSOCIATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—REMOVAL OF CONCRETE FOUNDATIONS—STATUS OF INJURED PERSON—EMPLOYEE AND NOT INDEPENDENT CONTRACTOR.—A person engaged by a cemetery corporation to remove from its property, by the use of explosives and blasting, some concrete foundations, is an employee and not an independent contractor, and therefore entitled to compensation for injuries received in the course of the work, where he was paid by the day and there were no restrictions placed upon the power of the corporation to direct and control his operations at will.

ID.—EMPLOYMENT IN USUAL COURSE OF BUSINESS.—The employment by a cemetery corporation of a person skilled in the work of blasting and in the handling of explosives used in the conduct of blasting operations, to remove by the use of explosives and blasting certain concrete foundations, while casual, is in the usual course of the corporation's business.

ID.—VIOLATION OF BLASTING PERMIT—EXCESSIVE CHARGES OF DYNAMITE—MISCONDUCT WHEN NOT WILLFUL.—The violation of the terms of a permit granted by a municipal corporation in the use of dynamite for blasting purposes is not willful misconduct, in the absence of evidence that such violation proximately or remotely caused the injury.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Williams & Williams, and Goudge, Robinson & Hughes, for Petitioner.

Christopher M. Bradley, for Respondent.

WORKS, J., *pro tem.*—It is sought by the petitioner to annul an award of the respondent whereby one Armstrong was allowed compensation for injuries suffered by him while in the rendition of certain services to the petitioner.  Arm-

strong was skilled in the work of blasting and in the handling of explosives used in the conduct of blasting operations, and was engaged by the petitioner to remove from its cemetery property, in that manner, certain concrete foundations which had formerly supported some discarded water-tanks once used in connection with irrigation. It was in the prosecution of this work that Armstrong was injured.

The respondent found from the facts before it that Armstrong was an employee of the petitioner, and this finding is assailed as being without support in the evidence, the contention of the petitioner being that the injured man was an independent contractor in the performance of the service for which he had been engaged. There was no written agreement evidencing the employment of Armstrong. He testified that the conversation by which he was engaged took place between him and the superintendent and the secretary of the petitioner. These officers desired Armstrong to state to them the probable cost and duration of the work in contemplation. He answered that it could be done in a week and that the expense would depend upon the cost of powder. This figure he was asked to procure and he was also to order the requisite amount of the explosive for the work. Under an ordinance of the city of Los Angeles it was necessary that a permit be secured from the city authorities allowing the work of blasting to be done. Armstrong was told by the superintendent to procure this permit, and he did so. Armstrong testified, as to his status in doing the work, as follows: "And then as to my part of the work it was talked of my taking a contract and I said I couldn't take a contract because I didn't know what I was up against, but that I would go out there and work for five dollars a day to take it out, and that they were to furnish me help to dig out what digging was to be done and give all the help necessary so as to be able to take it out within a week's time." Under this phraseology, it is a matter of some difficulty to determine the nature of Armstrong's employment. There are some features of the statement indicating that he was to be only an employee, others tending to show that he was engaged as an original contractor. It does appear, however, that he was to be paid by the day, and that there were no restrictions placed upon the power of the employer to direct and control his operations at will. The undisputed evidence is that the petitioner actually exercised no direction or control over the

work during its progress. In support of its contention that Armstrong was an independent contractor the petitioner cites many authorities to the general effect that, to quote from *Green* v. *Soule,* 145 Cal. 96, 99, [78 Pac. 337] : "The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the mode of doing the work contracted for." Whether, however, the employer has or has not such a right of control is necessarily to be determined from the contract of employment. The fact that there was no right of control cannot be predicated upon an absence of the exercise of it, in practice, if the contract in fact allows the right. The employer would be very likely to refrain from exercising a direction or control over an employee as to whom he had the undoubted right of control, merely because the employee had a greater knowledge concerning the nature of the work to be done than did the employer himself. Nothing more seems to have been the case here. There is nothing in the opinion in *Brown* v. *Industrial Accident Commission,* 174 Cal. 457, 460, [163 Pac. 664], which conflicts with the views above expressed, as an examination of *Anderson* v. *Foley Bros.,* 110 Minn. 151, [124 N. W. 987], cited in the opinion, will show. We are satisfied that the finding that Armstrong was an employee of the petitioner is supported by the evidence.

The next contention of the petitioner is that the employment of Armstrong was both casual and not in the ordinary course of the business of the employer. It is admitted by the respondent that the employment was casual, but can it be said that it was not in the usual course of the petitioner's business? According to the superintendent of the petitioner, the business in which it engaged was cemetery work. That expression may be properly defined, we believe, in the statement that it consists in the platting, grading, planting, beautifying, and maintaining a tract of land in such manner as to render it an appropriate place for the sepulture of the dead and to preserve it as such. It can make no difference whether "cemetery work" is done by means of blasting or through the use of the wheelbarrow, the spade, or the spirit-level. All these and other instrumentalities may be required to reduce a given tract, necessarily variable to some extent in character, to a proper condition for cemetery uses and to so maintain it.

The employment of Armstrong was in the ordinary course of the business of the petitioner.

The final contention of the petitioner is that Armstrong was guilty of willful misconduct in and about his work. This misconduct is alleged to have consisted of a violation of the terms of the permit granted by the city of Los Angeles. That permit was to the effect that not more than one stick of dynamite was to be used in each blasting charge. Armstrong used one and one-half or two sticks to the charge, but there is no evidence that his departure from the permit regulations in this regard either proximately or remotely caused his injury. It was necessary that such a showing be made. (Workmen's Compensation Act, Deering's Gen. Laws, Act 2144a, sec. 12 [a] [3].) Not only so, but the showing must have been made by the petitioner, for willful misconduct is an affirmative defense in these cases. (*United States F. & G. Co.* v. *Industrial Accident Commission.*, 174 Cal. 616, [163 Pac. 1013].) In addition to the utter failure of the petitioner to introduce evidence to support the burden of proof thus cast upon it on the hearing before the Industrial Accident Commission, there was some evidence on the part of the applicant tending to show that his injury was not the result of the use of the excessive charges of dynamite.

The award is affirmed.

Conrey, P. J., and James, J., concurred.