DAVID N. BURROWS *vs.* THOMAS B. GLOVER & another.

The defendants signed the following instrument: " We sell to J. S." certain personal prop-
erty for a certain sum; " the conditions of this sale are such that, if we pay to J. S. the
above named sum, this instrument is null and void, otherwise of full force and effect."
J. S. assigned this instrument to the plaintiff for a valuable consideration, and the de-
fendants assented to the assignment, and promised to pay the plaintiff the amount named
in the instrument. *Held*, that the plaintiff could maintain an action in his own name
against the defendants for said amount; and that it was no defence that, since the de-
fendants' assent to the assignment, they had been summoned as trustees in a suit against
J. S.

CONTRACT against Thomas B. Glover and George W. Wilson
on the following instrument, dated February 10, 1869, signed by
them, and assigned in writing to the plaintiff, under date of Feb-
ruary 20, 1869, by the Charles W. Stinson therein named : " We,
the undersigned, do sell to Charles W. Stinson the following
named property, to wit, the same lot of blacksmith's tools we
bought of him; also, all the blacksmith's tools now owned by
us in our respective shops; for the sum of $200, to be paid on or
before May 1, 1869. Nevertheless, the conditions of this sale are
such that, if the undersigned pay to said Stinson the above named
sum, this instrument is null and void, otherwise of full force and
effect."

At the trial in the superior court, before *Scudder*, J., the plain-
tiff introduced evidence tending to show that the assignment was
made on the day of its date, and for a valuable consideration;
that shortly afterwards he informed the defendants thereof, and
they assented thereto and promised to pay him the amount named
therein; and that on May 1, 1869, he demanded of the defend-
ants the money or the tools, and they refused to let him have
either.

The judge instructed the jury " that if the instrument was
executed by the defendants, and was assigned by Stinson to the
plaintiff for a valuable consideration, and if, upon being informed
of the assignment, the defendants assented thereto and promised
the plaintiff to pay him the amount named therein, this would
be sufficient to enable the plaintiff to maintain this action in his
own name."

It further appeared that some time after the assignment, notice and promise aforesaid, and before May 1, 1869, the defendants were summoned as trustees in suits brought against Stinson by his creditors, all of which were still pending ; and the defendants asked the judge to rule that the assignment would not be valid as against the attaching creditors, unless it had been recorded, and that therefore this action could not be maintained ; but he declined so to rule.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*C. A. F. Swan,* for the defendants.

*R. B. Caverly & D. B. Gove,* for the plaintiff.

AMES, J. The written instrument signed by the defendants, although very inartificially drawn, contemplates the payment by them of the sum of $200 to Stinson. It does not in terms purport to be a promise to pay that sum to him, but it provides that on such payment their conveyance to him of certain tools is to become null and void. Stinson assigned this instrument to the plaintiff, and the jury have found that for this assignment there was a valuable consideration. The jury were instructed that if the defendants were notified of the assignment, assented to it, and promised the plaintiff to pay him the amount named in the instrument, he would be entitled to maintain this action in his own name ; and this instruction was correct. It is not necessary to inquire whether the instrument should be considered as a mortgage of the tools, or not. It designated a fund payable to Stinson, which by his direction and by the defendants' express promise became payable directly to the plaintiff. *Clark* v. *Parker*, 4 Cush. 361. *Dennis* v. *Twitchell*, 10 Met. 180. *Crocker* v. *Whitney*, 10 Mass. 316. *Grant* v. *Wood*, 12 Gray, 220.

After the assignment and their express promise to pay the plaintiff, the defendants had ceased to be indebted to Stinson, and could not be held chargeable in the trustee processes against them. *Mowry* v. *Todd*, 12 Mass. 281.  *Exceptions overruled.*