WILLIAM H. KEEFE *vs.* THOMAS FLYNN.

Essex.   Nov. 6, 1874. — Jan. 9, 1875.   AMES & DEVENS, JJ., absent.

A declaration alleged that the defendant employed A. to build a house for him according to the terms of a contract in writing in the possession of the defendant; that after the execution of the contract, A. assigned to the plaintiff all sums of money then due and to become due to A. from the defendant for the erection of the building according to the contract; that the plaintiff notified the defendant of the assignment, and exhibited it to him, and he agreed to its terms, and promised the plaintiff to pay him all sums that should become due A. for the erection of the building; that thereafter a certain sum became due to A. under the contract, which the defendant refused to pay the plaintiff. It appeared by a copy of the assignment, annexed to the declaration, that A. assigned to the plaintiff all moneys due or to become due until a certain date for labor performed or to be performed by A. for the defendant. By the contract, the defendant was to pay A. a round sum, in instalments according to the progress of the work, for building a house for him. *Held*, that the declaration could not be construed as alleging a promise by the defendant to pay any sum not included in the assignment. *Held*, also, that the contract was not included in the assignment.

CONTRACT. The declaration alleged that David O'Connell was employed by the defendant to erect a building upon the premises of the defendant, according to the terms of a certain contract in writing in the possession of the defendant, and after

the execution of the contract, and after O'Connell had commenced to perform his part thereof, on September 9, 1872, O'Connell assigned and made over to the plaintiff, by an instrument in writing, all sums of money then due and to become due him from the defendant, for the erection of the building according to the contract; that the plaintiff thereupon notified the defendant of the assignment, and exhibited the same to him; that he agreed to the terms of the assignment, and promised to pay to the plaintiff, under the assignment, all sums of money that should become due to O'Connell from him for the erection of the building; that on or about October 28, 1872, the sum of $300 became due to O'Connell under the said contract, which sum the defendant paid to O'Connell, and which has never been paid the plaintiff; that the defendant owes the plaintiff said sum.

Annexed to the declaration was a copy of the assignment, dated September 9, 1872, by which O'Connell, in consideration of $300, assigned to Keefe " all moneys now due me from Thomas Flynn, and all that may become due me from said Flynn, until the 1st day of January, 1873, for labor performed or to be performed by me for said Flynn."

The answer was a general denial, and that " if it shall appear that the defendant was ever indebted to said O'Connell, or ever paid any moneys to said O'Connell, as mentioned in the plaintiff's declaration, then the defendant says that said moneys were paid to said O'Connell by virtue of a certain contract, wherein the said O'Connell contracts to furnish the materials and labor to build and complete a certain building for the defendant, and that said contract was never to his knowledge assigned to the plaintiff; and that if it shall appear that the moneys due under said contract ever were assigned to said plaintiff, then the defendant says that the said defendant never assented to such assignment or promised to pay to the said plaintiff any moneys due from him to said O'Connell."

Annexed to the answer was a copy of a contract under seal between Flynn and O'Connell, dated August 5, 1872, by which O'Connell covenanted with Flynn, in a good and workmanlike manner and according to his best art and skill, to build and finish a house, according to plans and specifications furnished by a certain architect; and Flynn covenanted with O'Connell to pay or

cause to be paid unto the said O'Connell $2550 in the manner following, to wit, $300 when the building is boarded, $300 when the building is ready for plastering, and the balance when the house is finished.

Trial in the Superior Court, before *Lord*, J., who ruled that the plaintiff could not recover upon his declaration, if the facts stated therein were proved as alleged, taken in connection with the contract referred to in the answer, directed a verdict for the defendant, and reported the case for the determination of this court, the case to stand for trial if the plaintiff can maintain his action upon proof of the facts stated in his declaration; otherwise, judgment to be rendered on the verdict.

*W. S. Knox*, for the plaintiff.

*C. E. Briggs*, for the defendant.

MORTON, J. The allegations of the plaintiff's declaration are, that O'Connell made to him an assignment, of which a copy is annexed; that he notified the defendant thereof; and that the defendant promised to pay to the plaintiff, under said assignment, such sums as should become due to O'Connell from him. It cannot fairly be construed as alleging a promise by the defendant to pay any sum not included in the assignment.

It is true, as claimed by the plaintiff, that if he had a valid assignment by O'Connell, of any sum due or which would become due under an existing contract with the defendant, and the latter accepted the assignment and promised to pay to the plaintiff, he could maintain an action in his own name upon such express promise. Such assignment and promise would make the defendant liable to the plaintiff, and discharge his liability to O'Connell, his original debtor, and this would furnish a sufficient consideration for his promise. *Burrows* v. *Glover*, 106 Mass. 324, and cases cited.

But the difficulty in the plaintiff's case is, that his assignment does not include the debt due under the building contract between O'Connell and the defendant, the amount of which he claims in this action. By that contract, O'Connell was to build ., house according to certain plans and specifications, and the defendant was to pay therefor $300 when the house was boarded, $300 when it was ready for plastering, and the balance when it was finished. These were to be general payments on account of the house, including all materials and labor furnished.

The plaintiff has no assignment of the contract, or of the amounts which would become due under the contract. His assignment is of " all that may become due me from said Flynn until the 1st day of January, 1873, for labor performed or to be performed by me for said Flynn." The only alleged promise of the defendant was to pay to the plaintiff the amount included in this assignment. This does not render him liable for the sum of $300 claimed in the declaration, and therefore the presiding justice of the Superior Court correctly ruled that the plaintiff could not maintain this action.					*Judgment on the verdict.*