SAMUEL A. SEGEE, executor, & another *vs.* WILLIAM L. DOWNES & another, & trustee.

Suffolk.   Nov. 9, 1886. — Jan. 6, 1887.   HOLMES & GARDNER, JJ., absent.

In February, 1884, A. and B. executed a contract, by which A. was to build a road in the town of W., and to have it completed on or before April 1, 1884, and for building and completing the road B. was to pay a certain sum, but the time of payment was not stated. The contract provided that, if A. failed to comply with the agreement, B. might complete the road and deduct the expenses thereof from the sum named in the contract. In March, 1884, A. executed to C. an assignment of "all claims and demands which I now have, and all which, at any time between the date hereof and May 1, 1884, I may and shall have against B., for all sums of money due, and for all sums of money and demand which, at any time between the date hereof and said May 1, 1884, may and shall become due to me, for services as sub-contractor, meaning especially to transfer all sums of money falling due to me by B. for work done by me for him in the town of W." A. continued to work on the road until June 1, 1884, when he abandoned the work, and B. proceeded and finished it at a cost of a certain sum, which, deducted from the balance of the sum named in the contract, left a certain sum in the hands of B. as the final balance due to A. under the contract. *Held*, that the assignment to C. did not transfer this balance in B.'s hands.

In a trustee process, an agreed statement of facts, upon the question whether a claimant has a valid assignment of the funds in the hands of the trustee, need not be signed by the trustee.

TRUSTEE PROCESS.  Writ dated September 22, 1884.  Arthur F. Williams was summoned as trustee of the principal defendant; and Edward A. Foster appeared as claimant of the funds in

the hands of the trustee, under an assignment from the defendant Downes. The case was submitted to the Superior Court, on an agreed statement of facts signed by the plaintiffs, by the assignees in insolvency of the defendants, and by the claimant. That court found that the claimant's claim was not sustained; charged the trustee upon his answer; and, the defendants being defaulted, ordered judgment for the plaintiffs. The claimant appealed to this court. The facts appear in the opinion.

*J. H. Cotton & H. W. B. Cotton,* for the claimant.

*W. M. Stockbridge,* for the defendants' assignees in insolvency.

MORTON, C. J. The assignment from the defendant Downes to the claimant, dated March 10, 1884, purports to transfer " all claims and demands which I now have, and all which, at any time between the date hereof and the first day of May, 1884, next, I may and shall have against Arthur F. Williams and Company, of said Boston, for all sums of money due, and for all sums of money and demand which, at any time between the date hereof and the said first day of May, 1884, next, may and shall become due to me, for services as sub-contractor, meaning especially to transfer all sums of money falling due to me by said Williams and Company, for work done by me for them in the town of Wellesley."

This is not an assignment of the contract with Williams and Company, nor of all sums that might at any time become due under the contract. *Keefe* v. *Flynn*, 116 Mass. 563. To give it this construction would entirely disregard the essential part of the assignment, which transfers only such sums as might be due on or before May 1, 1884. It cannot, by any fair construction, be held to include any sums earned by Downes after May 1, 1884.

It is difficult to understand what the parties to the assignment intended. By the contract with Williams and Company, which was executed on February 6, 1884, Downes was to build a road in Wellesley, and to have it completed on or before April 1, 1884, and for building and completing the road Williams and Company were " to pay the sum of $1100." The contract fixes no time for paying the sum, and therefore it would not strictly be due and payable until the work was completed. The contract also provides that, if Downes failed to comply with the agreement,

Williams and Company might complete the road and deduct the expense thereof from the sum named in the contract.

It is not improbable, though it does not appear, that there was a parol agreement or understanding that Williams and Company would pay Downes from time to time, as the work progressed, portions of the contract price, and that the assignment was intended to transfer all that Downes should earn before the first of May. But, if we could adopt this view, it would not help the claimant. It appears that Downes continued to work on the road until June 1, 1884, when he abandoned the work, and Williams and Company proceeded and finished it at an expense of $128.06. Deducting this sum from the balance of the $1100 which remained due to Downes, Williams and Company have now in their hands the sum of $365.64, as the final balance due under the contract. But there is nothing to show that this was not all earned by Downes after May 1. In other words, the claimant fails to show that any part of this balance was earned by or due to Downes on or before May 1, 1884. We are not able to give any construction to the assignment by which the claimant can hold the balance now in the hands of the trustee, and are therefore of opinion that the Superior Court rightly found that his claim was not sustained.

The claimant now contends that the statement of facts signed by him and the assignees in insolvency of the defendants ought to be discharged, because it is not signed by the trustee; and he relies upon the case of *Massachusetts National Bank* v. *Bullock*, 120 Mass. 86. We think that case and the case at bar are different. In that case the plaintiff and the claimant signed a statement of facts, made not merely for the purpose of determining whether the claimant could maintain his claim, but for the general purpose of determining whether the trustees should be charged or discharged on their answer. It undertook, without reference to the trustees' answer, to set forth all the facts upon which the court was to determine the question whether the trustees should be charged; and it was held that the trustees were interested and should join in the agreed statement of facts. But in the case at bar the only purpose of the statement of facts was to determine the collateral question whether the claimant had a valid assignment of the funds in the hands of the trustee, a question

in which the trustee has no interest.    The court used it only for this purpose, and, having found that the claimant's claim was not sustained upon the facts which he had agreed to, proceeded to consider the question whether the trustee should be charged upon his answers.    It was not necessary that, under such circumstances, the statement of facts should be signed by the trustee, who had no right to be heard upon the question of the validity of the claimant's claim.

The proceedings of the Superior Court were correct, and its finding against the claimant must be affirmed.

*Judgment affirmed.*