HERBERT A. CHAPIN *vs.* MARY S. PIKE, administratrix, & another, trustee.

Middlesex.    March 16, 1903. — September 17, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Assignment.*

When a contract to do work for a city is assigned as a whole after a part performance, the assignment includes all sums due for work previously done under the contract which have been retained by the city to ensure performance

CONTRACT, on a judgment, against the administratrix of the surviving partner of the firm of Henry H. Pike and Son, the city of Waltham being summoned as trustee. Writ dated June 21, 1897.

The defendant was defaulted. The Superior Court made an order discharging the trustee, and the plaintiff appealed. One Benshimol mentioned by the court appeared as claimant.

*H. H. Winslow,* for the plaintiff.

*J. L. Harvey,* (*R. M. Stark* with him,) for the trustee.

*M. M. Johnson,* for the claimant.

LORING, J. This is an action brought by a creditor of the firm of H. H. Pike and Son to reach and apply in payment of a debt due from them the sum of $2,008.60, which has been found to be due under a contract between the city of Waltham and said firm of H. H. Pike and Son. This sum of $2,008.60 was found to be due in an action brought in the name of Pike against the city,

which was before this court in *Pike* v. *Waltham*, 168 Mass. 581.
The facts found in *Pike* v. *Waltham*, 168 Mass. 581, were not
fully disclosed in the case at bar.   More than that, the case at
bar has to be disposed of on the meagre facts as to the claimant's
rights disclosed in the answer of the trustee.   The record before
us does not contain a claim made by the claimant which would
have raised an issue of fact between him and the plaintiff.   In
the absence of such a claim, the question which arises is whether,
on the facts disclosed in the answer of the trustee, the fund is
due to the claimant.   If it is he must be discharged.   *Fuller* v.
*Storer*, 111 Mass. 281, 282.   *Taylor* v. *Collins*, 5 Gray, 50, note.
*Richards* v. *Stephenson*, 99 Mass. 311.

   From the answer of the trustee in this action it appears that
in May, 1888, Pike and Son made a contract with the city of
Waltham for the construction of a bridge, and that one Ben-
shimol went surety on their bond for the performance of the
work.   It is stated in the answer of the trustee that it is
"claimed" that Benshimol "carried the work forward and fur-
nished materials after the death of" one partner and the physi-
cal disability of the other, and until the surviving partner was
ordered to cease work by a written notice from the city.   Ap-
parently the Pikes ceased work on October 5, 1888, and more
or less work was done by Benshimol until March 25, 1889, when
the construction was taken out of the hands of the contractors
under the contract by written notice and the work of completing
the bridge was relet on April 15, 1889, to another contractor.
On November 19, 1888, the surviving partner of H. H. Pike and
Son made the following assignment to Benshimol: "Know all
men that I, Henry H. Pike surviving partner of the firm of H.
H. Pike & Son, lately consisting of myself and Henry E. Pike
who has deceased, for valuable considerations proceeding to me
from Joshua Benshimol, do hereby assign, transfer and set over
unto said Benshimol the contract made in May, 1888, between
said firm and the city of Waltham for the construction of the
Prospect Street Bridge in said Waltham."

   It appears that by the terms of the original contract between
Pike and Son and the city, payments were to be made monthly
on account of work done, fifteen per cent of the amount due
therefor being retained until completion of the whole work.

The amount retained out of money due for work done prior to October 1, 1888, was $1,590.90, and the amount retained out of money due for work done after October 1 until the work was taken out of the hands of the contractors was $1,048.99. How the finding was arrived at that $2,008.60 is the amount due under the contract does not appear. But as it is less than the two sums mentioned above retained out of the monthly payments otherwise due, it is apparent that the whole $2,008.60 is made up of sums so retained. It appears that the amount retained at the date of the assignment was $1,686.57. The question presented is whether the assignment of the contract carries all sums due for work previously done under it but retained until completion to insure performance.

The plaintiff argues that it does not, because an assignment of money due under a contract is not an assignment of the contract, and cites *Segee* v. *Downes*, 143 Mass. 240, 241 ; *Staples* v. *Somerville*, 176 Mass. 237 ; *Somers* v. *Keliher*, 115 Mass. 165. The other case relied on by the plaintiff is a case where it was held that there was no assignment either of the contract or of money due under it. *Keefe* v. *Flynn*, 116 Mass. 563.

Of course that is true ; of course it is true that an assignment of what is due or is to become due under a contract is not an assignment of both the duty of performing the contract and receiving payment therefor. By the very terms of that assignment the benefit of the payment is separated from the burden of performance. But where the contract as a whole is assigned there is no separation between the benefits and burdens. A contract is a single entity ; and if it is assigned as an entity and the contract is fully executed except the payment of certain money earned under the contract, the assignee is entitled to it.

*Order discharging trustee affirmed.*