NATHALIE S. SKILTON vs. R. H. LONG CADILLAC LA SALLE
COMPANY.

Middlesex.   December 11, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, What constitutes, Construction, In writing, Performance and
breach. *Sale*, Conditional. *Equity Pleading and Practice*, Waiver of
defence. *Waiver*.

A dealer in automobiles and a purchaser executed three instruments in
writing at the same time; one of such instruments was a contract of
conditional sale, called a "lease," to the purchaser of a sedan auto-
mobile for the price of $3,136, which was to be paid for by the pur-
chaser's turning over to the defendant property at an agreed valua-
tion of $1,200 and by a note of the purchaser for $1,936; the second
instrument was such a note; and the third was a writing called the
"contract" which contained a stipulation that the dealer should take
and credit against the purchase price of the sedan a certain coupe
automobile also valued at $1,200, "Notice of 30 days to be given . . .
[to the purchaser] before we [the dealer] take the car." Although the
stipulation as to the coupe was not contained in the "lease," the dealer
assured the purchaser that the "contract" governed and the purchaser
signed the "lease" and note relying on that assurance. The dealer duly
accepted from the purchaser certain property at the agreed valuation
of $1,200 against the purchase price, but never gave the purchaser thirty
days' notice of his intention to take the coupe, and notified the pur-
chaser that he refused to take it; and the purchaser did not pay the
note at maturity. Thereafter the dealer replevied the sedan. In a suit
in equity by the purchaser against the dealer, a final decree was entered
directing the defendant to deliver the sedan to the plaintiff, and the
plaintiff to deliver the coupe to the defendant, together with $736 and
interest to the maturity of the note, less a certain sum as the plaintiff's
damages and costs. *Held*, that
    (1) The three instruments in writing should be considered together
in determining the agreement between the parties, so that the stipu-
lation as to the coupe was a part of such agreement;
    (2) The final decree was affirmed.
The defendant went to trial in the suit in equity above described without
contending that the action of replevin was a bar to the suit in equity,
and made no such contention in this court; the bearing on this suit of
the action at law therefore was not considered by this court.

BILL IN EQUITY, filed in the Superior Court on December
20, 1927, alleging that the defendant "so secreted and with-

held" the sedan automobile mentioned in the opinion "that it cannot be replevied," and that the plaintiff had no adequate remedy at law. The plaintiff sought to have the defendant ordered to deliver the automobile to the plaintiff.

The suit was referred to a master, material facts found by whom are stated in the opinion. The "lease" provided that the plaintiff was to turn over to the defendant at the time of the signing of the agreements property — other than the coupe automobile mentioned in the opinion — at an agreed valuation of $1,200 against the purchase price; and the master found that such property was duly accepted by the defendant from the plaintiff. A final decree entered by order of *Hammond*, J., is described in the opinion. The defendant appealed.

*M. T. Hall*, for the defendant.

*W. B. Leach, Jr.*, for the plaintiff.

CARROLL, J. By three instruments executed at the same time, parts of the same transaction, the plaintiff and defendant entered into a contract for the conditional sale of a sedan motor vehicle. One of the documents is called a "lease" and provided for the conditional sale of the sedan to the plaintiff at the price of $3,136. The other documents are the "contract" and a note for $1,936. The paper spoken of as the "contract" contained a stipulation that a coupe automobile would be taken in trade, for which there was to be credited to the plaintiff $1,200; "Notice of 30 days to be given Mr. Skilton before we take the car." The lease did not contain such a provision.

The master found that after the parties had signed the paper called the "contract" and before the "lease" was signed, the plaintiff's agent directed the defendant's attention to the fact that the "lease" did not mention that the coupe was to be taken and a credit of $1,200 given; that thereupon the defendant's agent said that for purposes of banking and discounting "said note the defendant could not have said clause in the 'lease.'" The master also found that the plaintiff's agent objected to signing the "lease" unless it was understood that the "contract" governed, and upon being assured that it did, the plaintiff's agent signed the "lease"

and note; that the defendant has never given the plaintiff thirty days' notice of its intention to take the coupe; that on November 1, 1927, the plaintiff did not tender payment on the note, the defendant having notified her, on October 10, that it refused to take the coupe automobile; and that on December 6 the defendant replevied the sedan.

In the Superior Court a decree was entered requiring the defendant to deliver the sedan to the plaintiff, and directing the plaintiff to deliver to the defendant the coupe mentioned in the "contract" and to pay the defendant $736, and interest; the defendant was ordered to pay the plaintiff $300 as damages, and costs.

The three documents were executed together as parts of the same transaction. They may all be considered in determining the real contract of the parties; and the stipulation in one of the papers, that the coupe was to be taken in trade and credited to the plaintiff at $1,200, was as much a part of the contract as it would be if the entire contract were written on one piece of paper. *Payson* v. *Lamson*, 134 Mass. 593. *Thomson* v. *Beal*, 48 Fed. Rep. 614.

The defendant replevied the sedan and we understand that this action is now pending. But it is not argued by the defendant that the action at law is a bar to the plaintiff's relief in equity, and the defendant went to trial without raising this question. *Ryan* v. *Annelin*, 228 Mass. 591. *Reynolds* v. *Grow, ante*, 578.

Apparently the contention of the defendant is that the "lease" and "contract" were separate contracts; that the "lease" and note control; that the paper called the "contract" was of no effect. What has been said disposes of this argument. The findings of the master show that the three documents were parts of the same transaction.

*Decree affirmed with costs.*