PITRO MAKSYMIUK & another *vs.* STANLEY PUCETA.

Suffolk.    October 7, 1931. — May 23, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Bills and Notes*, What constitutes.  *Guaranty.*  *Contract*, Construction,
Performance and breach, For exchange of real estate.  *Evidence*, Com-
petency, Relevancy and materiality, Hearsay, Extrinsic affecting writ-
ing.  *Practice, Civil*, Findings by judge, Requests, rulings and instruc-
tions, Exceptions.

Where no question of pleading was raised at the hearing by a judge without
a jury of an action, the declaration in which was by the plaintiff as
indorsee of a promissory note payable to the defendant and indorsed by
the defendant, and the judge found, upon evidence warranting his
findings, and ruled that the defendant guaranteed to the plaintiff pay-
ment of the instrument, alleged by the plaintiff to be a note, and was
liable upon such guaranty, such finding must stand.

In interpreting contracts in writing every word is to be given force so far
as reasonably possible.

The owner of certain real estate in South Boston conveyed it in exchange
for certain real estate in Dorchester which was subject to three mort-
gages, and the grantee gave back an instrument called a "note" and a
mortgage of the South Boston real estate to secure payment of the third
mortgage on the Dorchester real estate.  The "note" contained the
following recital: "This note is given by the maker to the payee as a
guarantee that a certain mortgage . . . [the third mortgage on the
Dorchester property] will be paid by the maker or anyone on his behalf
on or before . . . [its due date], and if the payment is made and said
[third] mortgage is discharged . . . then the payee hereby agrees for
himself and his heirs, administrators and assigns to cancel this note
without any payment, otherwise it is to remain in full force and effect."
The new owner of the Dorchester real estate and of the collateral
"note" secured by the mortgage on the South Boston real estate made
an agreement in writing with a third person for an exchange of equities,
in which he was to convey to the third person the Dorchester real
estate subject to two mortgages and recited that a third mortgage
thereon was to be paid by a certain date by the prior owner and agreed,
as guaranty of its payment, to assign the collateral "note" and the
mortgage on the South Boston real estate securing it, and that the
"terms of the exchange transaction are that the respective parties
will convey to each other their respective equities in the properties
. . . , without payment of other consideration"; and he accordingly
executed and recorded an assignment to such third person of the
mortgage on the South Boston real estate "and the note and claim
secured thereby."  On the back of the note he wrote: "Pay to the order
of " the third person and his wife.  The third mortgage on the Dorches-

ter real estate was not paid when due and the third person thereupon foreclosed the mortgage on the South Boston real estate, credited the net proceeds toward payment of the "note" it secured, and, with his wife, brought an action of contract against the payee thereof for the balance remaining due. The action was heard by a judge without a jury. No question of pleading was raised. There was a finding for the plaintiffs. *Held,* that

(1) The defendant was not liable as an indorser of a negotiable instrument: the "note" was not such;

(2) The instrument was not a nonnegotiable note;

(3) A finding was warranted that the defendant was guarantor of payment of the instrument above described as a "note";

(4) The form of indorsement of the instrument was not inconsistent with such a guaranty;

(5) Construed as a guaranty the indorsement did not vary the terms of the deed from the defendant to the plaintiffs, and the same consideration supported both;

(6) To construe the nature of the indorsement, it was proper to resort to the previous negotiations in the nature of an agreement in writing which it in part purported to carry out;

(7) The indorsement construed in connection with the other documents amounted to a guaranty by the defendant of payment of the so called "note";

(8) Whether the judge rightly admitted oral testimony bearing on the interpretation of the instruments was immaterial since, without such testimony, his interpretation of the "note" and indorsement as a guaranty was correct;

(9) Certain oral testimony by the plaintiff warranted a finding that the third mortgage on the Dorchester real estate had not been paid on its due date;

(10) Demand upon the maker of the "note" and mortgage on the South Boston real estate and notice to the defendant of its nonpayment were not required to fix liability upon the defendant, since the obligation was definite in time and amount;

(11) Recovery on the instrument in suit was not conditional upon reassignment of the mortgage on the South Boston real estate;

(12) The use by the trial judge of the word "note" in referring to the instrument in suit in his findings and rulings was not a ruling that it was a promissory note and did the defendant no harm;

(13) Although a ruling requested by the defendant that the "instrument declared on is nonnegotiable" was a correct statement of law and should have been granted, the defendant was not harmed by the refusal to make such ruling, since the judge in his findings and rulings dealt with the instrument on the basis either that it was nonnegotiable or that the element of negotiability was immaterial;

(14) Finding for the plaintiffs was proper.

CONTRACT. Writ in the Municipal Court of the South Boston District in the City of Boston dated October 27, 1930.

The declaration was as follows:

"And the plaintiffs say that William Sweetlowich made a promissory note, a copy whereof with the indorsements thereon is hereto annexed, payable to the defendant Stanley Puceta or order, and the defendant indorsed the same to the plaintiffs, and payment of the said note was duly demanded of the said William Sweetlowich, who neglected to pay the same and due notice thereof was given to the defendant.

"And the plaintiffs further say that the said note was secured by second mortgage on premises located at 102 West Third Street, South Boston, Massachusetts, which mortgage the plaintiffs were compelled to foreclose, and did foreclose, and that at the foreclosure sale the plaintiffs realized the sum of $500, out of which said last mentioned sum the sum of $150 was paid for foreclosure fees and disbursements, and the balance thereof, namely the sum of $350 was credited on the said note, as it appears thereon.

"And the plaintiffs say that the defendant owes the plaintiffs the sum of $650, being the balance of said note and interest."

On removal to the Superior Court, the action was heard by *Morton*, J., without a jury. Material evidence and findings and rulings by him, and exceptions saved by the defendant are described in the opinion. There was a finding for the plaintiffs in the sum of $613.50. The defendant alleged exceptions.

*H. Altman,* (*C. J. McCarthy* with him,) for the defendant.

*F. J. Bagocius,* for the plaintiffs, submitted a brief.

FIELD, J. This is an action of contract, brought by Pitro Maksymiuk and his wife, Agafia Maksymiuk. The plaintiffs declared on an alleged promissory note for $1,000, seeking to recover a balance of $650 and interest from the defendant as indorser. The case was heard by a judge sitting without a jury, who made "Findings and Rulings" and found for the plaintiffs in the sum of $613.50. It comes before us on the defendant's exceptions to the admission of evidence, the judge's "Findings and Rulings," his refusal to make certain requested rulings, including a ruling that

"the defendant is entitled to a finding in his favor," and the denial of the defendant's written motion that a "verdict be directed for him upon all the evidence in the case."

The "Findings and Rulings" are as follows: "The plaintiffs are holders for value of the note in suit. It was executed on March 29, 1930, by one William Sweetlowich, payable to the defendant, and given to him as a guarantee that a third mortgage on property conveyed by Sweetlowich to him would be paid on or before October 1, 1930, and to remain in full force and effect if said mortgage was not so paid. This note was indorsed by the defendant and assigned and transferred to the plaintiffs under the following circumstances. The plaintiffs and defendant, on April 16, 1930, entered into a written agreement to exchange equities in their properties and on April 25, 1930, the defendant executed a deed of his property subject to the third mortgage referred to in the note. The agreement provided that the defendant should assign said third mortgage as a guarantee by the defendant for the payment of said mortgage by the prior owner. The deed contained a provision that the said mortgage was to be paid by Sweetlowich on or before October 1, 1930, 'and to secure the payment thereof — a collateral mortgage is hereby assigned. . . .' On the same day the defendant assigned said Sweetlowich mortgage and note and claim secured thereby to the plaintiffs and indorsed the note. [It is obvious from the context and from the agreement, which is made a part of the record, that the reference to 'said third mortgage' which was to be assigned by the defendant is a clerical error and that the mortgage intended to be referred to is the 'Sweetlowich' or 'collateral' mortgage.] The written evidence, as shown by the above named documents, indicate on their face an intention on the part of the defendant to indorse and assign the mortgage and note, not merely to transfer title thereto but also as a guarantor of the payment thereof, and this evidence of intention was corroborated by oral evidence that such was his intention — and by the further fact that the indorsement was not made 'without recourse.' To hold the defendant respon-

sible for the balance due on the note is not to increase the consideration the defendant was called upon to pay, but to make good the value of the equity which he conveyed to the plaintiffs and for which he received the plaintiffs' equities. I find that the defendant was a guarantor of the payment of the note and indorsed it with the intention of paying it if the maker did not. The mortgage in question was duly and properly foreclosed and $350 was obtained at the foreclosure sale and is credited upon the note."

These facts are disclosed by the evidence: On March 29, 1930, one Sweetlowich, in exchange for a parcel of land of the defendant in South Boston, conveyed to the defendant a parcel of land in Dorchester which was subject to three mortgages and gave to the defendant an instrument of the following tenor: "For value received I, William Sweetlowich promise to pay to Stanley Puceta or order, the sum of One Thousand ($1,000.00) dollars payable on the first day of October, 1930, with seven per centum interest per annum. This note is given by the maker to the payee as a guarantee that a certain mortgage . . . [the third mortgage on the Dorchester property] will be paid by the maker or anyone on his behalf on or before October 1, 1930, and if the payment is made and said mortgage is discharged . . . then the payee hereby agrees for himself and his heirs, administrators and assigns to cancel this note without any payment, otherwise it is to remain in full force and effect; with interest semi-annually at the rate of seven per cent per annum, during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid." Written across this instrument was the notation that it was "Secured by Mortgage of Real Estate in South Boston . . . to be recorded in Suffolk Registry of Deeds," and there was testimony to the same effect. This real estate in South Boston was the parcel conveyed by the defendant to Sweetlowich.

On April 16, 1930, the defendant entered into an agreement with the male plaintiff for an exchange of real estate, whereby the defendant, the "party of the first part," agreed to sell and convey to said plaintiff the Dorchester

property acquired from Sweetlowich subject to two mortgages, with the further provisions that "Also there is a third mortgage on the property . . . which is to be paid off by October 1st, 1930, by the prior owner, and as guarantee for such payment, the party of the first part agrees to assign a certain mortgage obtained by him from said prior owner, one Sweetlowich, guaranteeing the payment thereof," and that the "terms of the exchange transaction are that the respective parties will convey to each other their respective equities in the properties above referred to, without payment of other consideration." On April 25, 1930, in accordance with this agreement, the defendant by a deed in short form with quitclaim covenants conveyed the Dorchester property to the plaintiffs, husband and wife, subject to two mortgages, and "also subject to a third mortgage . . . the principal sum due on said mortgage being $950.00 payable on or before October 1, 1930 which said mortgage is to be paid by William Sweetlowich, and to secure the payment thereof by said Sweetlowich a collateral mortgage is hereby assigned to the grantees." The defendant executed and recorded an assignment to the plaintiffs of his mortgage from Sweetlowich of the South Boston real estate "and the note and claim secured thereby."

The instrument dated March 29, 1930, signed by Sweetlowich and described therein as a note, bore on its reverse side the following: "Endorsements　Pay to the order of Pitro & Agafia Maksymiuk. Stanley Puceta. Payments of Principal　Oct. 27th, 1930　Rec'd on within note, net by foreclosure sale $350.00."

Oral evidence was admitted, subject to the defendant's exception, that at the time of the passing of papers between the defendant and the plaintiffs "the defendant told the plaintiffs that if Sweetlowich didn't pay the third mortgage and get a discharge on or before October 1, 1930" the defendant "would pay said third mortgage," and that at this time the parties agreed that if Sweetlowich did not so pay it the defendant would do so provided the male plaintiff "would thereupon reassign the so called guarantee mort-

gage" to the defendant. There was evidence that the defendant wrote his name on the back of the instrument of March 29, 1930, and that the mortgage on the South Boston real estate was foreclosed by the plaintiffs. Other evidence, hereinafter referred to, was admitted subject to the defendant's exception.

No question of pleading appears to have been raised or passed upon in the trial court so that no such question is open here for the purpose of reversing rulings there made (*Allen* v. *Kilpatrick*, 277 Mass. 237), and the finding for the plaintiffs must stand if justified under any legal form of declaring. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385, and cases cited.

The defendant is not liable as indorser of the so called note of March 29, 1930. Because of the condition contained therein the instrument was not negotiable (G. L. c. 107, § 23, cl. 2; § 26; see *City National Bank* v. *Adams*, 266 Mass. 239, and cases cited; see also *Costelo* v. *Crowell*, 127 Mass. 293), so that the defendant did not become liable thereon as indorser of a negotiable instrument. For the same reason the instrument was not a nonnegotiable promissory note. *Central National Bank* v. *Hubbel*, 258 Mass. 124, and cases cited. The liability of the defendant to the plaintiffs, therefore, if any, was upon a contract of guarantee.

The finding for the plaintiffs on the ground that the defendant was a guarantor of the payment of the instrument described as a "note" was warranted.

The subsidiary findings descriptive of the transactions between the parties and of the foreclosure of the mortgage on the South Boston real estate are supported by the evidence above summarized.

The judge interpreted the documents correctly as indicating "on their face an intention on the part of the defendant to indorse and assign the mortgage and note, not merely to transfer title thereto but also as a guarantor of the payment thereof." By the written agreement of April 16, 1930, the defendant was to convey only the equity of redemption in the real estate in Dorchester. *Fiske* v.

*Tolman,* 124 Mass. 254, 256. The agreement shows that, in substance, the subject matter of the sale was the equity above the first and second mortgages, and that, though conveyance was to be made subject to the third mortgage, the real estate was to be exonerated from liability thereunder by the prior owner by October 1, 1930, and "as guarantee for such payment" the defendant was "to assign a certain mortgage obtained by him from said prior owner" — the mortgage on the South Boston real estate — "guaranteeing the payment thereof." We interpret the phrase "guaranteeing the payment thereof" to mean that the defendant was to guarantee the payment of the mortgage on the South Boston real estate which he was to assign as a guarantee of the payment of the third mortgage on the Dorchester real estate. Unless this phrase is so construed it is surplusage, being merely repetition of the defendant's promise to guarantee the payment of said third mortgage by assignment of the mortgage on the South Boston real estate. But in interpreting contracts every word is to be given force so far as reasonably possible. *Bray* v. *Hickman,* 263 Mass. 409, 414. See *Cohen* v. *Bailly,* 266 Mass. 39, 46–47. This provision for guarantee of payment of the third mortgage by assignment of the mortgage on the South Boston real estate and guarantee of its payment is consistent with the provision of the agreement that the exchange of equities is to be "without payment of other consideration" since, in this way, the agreement provides a method of carrying out its purpose that, in substance, the defendant should convey the equity above the first and second mortgages. On this point the judge ruled rightly that to "hold the defendant responsible for the balance due on the note is not to increase the consideration the defendant was called upon to pay, but to make good the value of the equity which he conveyed to the plaintiffs and for which he received the plaintiffs' equities."

The defendant in order to perform his promises contained in the written agreement of April 16, 1930, gave to the plaintiffs the deed of April 25, 1930, assigned to them the mortgage on the South Boston real estate "and note

and claim secured thereby," and delivered the instrument described as a "note" indorsed "Pay to the order of Pitro & Agafia Maksymiuk," the plaintiffs in this case. Such an indorsement on a negotiable instrument would be unqualified (G. L. c. 107, §§ 56, 61), and a parol agreement that it was without recourse could not be shown. *Aronson* v. *Nurenberg*, 218 Mass. 376. This principle, however, is inapplicable to the nonnegotiable instrument in question, but an agreement by the defendant guaranteeing payment of such instrument must appear affirmatively. *Haskell* v. *Lambert*, 16 Gray, 592. The form of indorsement of this instrument is not inconsistent with such a guaranty. Nothing therein — or in the recorded assignment — excludes a contract of guaranty. Compare *First National Bank of Northampton* v. *Massachusetts Loan & Trust Co.* 123 Mass. 330. Construed as a guaranty the indorsement did not vary the terms of the deed, and the same consideration may support both. *Drew* v. *Wiswall*, 183 Mass. 554. Because of the nature of the instrument the defendant's indorsement thereon cannot be given the effect of an indorsement of a negotiable promissory note, but its resemblance in form to such an indorsement, coupled with the description of the instrument therein as a "note," furnishes some indication of an intention to create an obligation on the part of the defendant. Since deed, assignment and indorsement were parts of one transaction they must be construed together. *Cloyes* v. *Sweetser*, 4 Cush. 403. *Skilton* v. *R. H. Long Cadillac La Salle Co.* 265 Mass. 595, 597. Moreover, in view of the ambiguity of the indorsement, resort may be had to previous negotiations, embodied in the written agreement of April 16, 1930, for aid in its construction. See *Lennox* v. *Murphy*, 171 Mass. 370, 372–373. That agreement contained a description of the security which was to be given by the defendant for the payment of the third mortgage on the real estate to be conveyed by him. See *Stoops* v. *Smith*, 100 Mass. 63. Even if, as we need not decide, the deed contained an implied covenant that if the prior owner of the granted real estate did not pay the third mortgage thereon the grantor

would exonerate the real estate from such mortgage — and not merely give security for such exoneration — the deed did not contain any covenant by the grantor guaranteeing the payment of the mortgage assigned as security for the payment of this third mortgage by the prior owner of the real estate. Thus the transaction as a whole fell short of full compliance with the defendant's promises embodied in the written agreement of April 16, 1930, unless a guarantee of payment of the mortgage assigned as security is to be found in the defendant's indorsement of the instrument sued upon. We think, therefore, that the indorsement construed in connection with the other documents amounted to a guarantee by the defendant of payment of the so called "note" and the mortgage accompanying it.

The conclusion reached by us as to the interpretation of the documents requires no corroboration from the evidence of an oral agreement that the defendant would pay the third mortgage on the real estate conveyed by him. Though the trial judge found that such evidence corroborated his interpretation of the documents he did not rest his conclusion as to their meaning on this evidence, consequently it is not necessary to determine whether it was corroborative. Nor was the finding for the plaintiffs based upon the oral agreement independent of its effect upon the interpretation of the documents. Therefore we need not decide whether the evidence was admitted rightly, for in no aspect of the case was the defendant harmed by its admission.

The defendant raised no question as to the sufficiency of the writing under the statute of frauds.

The plaintiffs' case does not fail, as the defendant contends it does, (a) for lack of proof that the third mortgage on the granted real estate was not paid on or before October 1, 1930, (b) for lack of proof that the plaintiffs made demand upon Sweetlowich for payment of the instrument sued upon and gave the defendant notice of its nonpayment, or (c) on the ground that the plaintiffs, by reason of the foreclosure of the mortgage on the South Boston real estate, were not able to reassign it to the defendant.

The evidence warranted a finding that the third mort-

gage was not paid on or before October 1, 1930. The male plaintiff, subject to the defendant's exception, testified in reply to the question as to when he talked with the defendant, "After like I been on the office Mr. Bagocius that third mortgage wasn't paid up October 1st, supposed to been paid up. About September 30th I been in Mr. Puceta's store." This testimony, though somewhat obscure, could be found to mean that the third mortgage was not paid on or before October 1, 1930, and, inferentially, that the "note" and the "guarantee mortgage" assigned as security for such payment were not paid. So construed this evidence was relevant to the issues before the court and its admission was not error. Being relevant it was not inadmissible because irresponsive. Wigmore on Evidence (2d ed.) § 785. Neither in itself nor in connection with other evidence did it appear to be hearsay. It did not vary any written instrument.

Demand upon Sweetlowich for payment of the instrument sued upon and notice to the defendant of its nonpayment were not required to fix liability upon the defendant since the obligation was definite in time and amount. *Welch* v. *Walsh,* 177 Mass. 555, 561, 562. See also *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425, 433. For an explanation of *Oxford Bank* v. *Haynes,* 8 Pick. 423, and *Whiton* v. *Mears,* 11 Met. 563, 564, relied on by the defendant, and related cases, see *Welch* v. *Walsh,* 177 Mass. 555, 560–561. As this instrument is not a promissory note, negotiable or nonnegotiable, §§ 112 and 16 of G. L. c. 107 are inapplicable.

Recovery on the instrument in suit is not conditional upon reassignment of the mortgage on the South Boston real estate. The defendant's written contract of guarantee does not make such a reassignment a condition of recovery. At most a reassignment of this mortgage was a condition of recovery on the defendant's oral agreement to pay the third mortgage on the granted real estate if Sweetlowich did not pay it, but the finding for the plaintiffs in this action is not grounded on this oral agreement. We do not

decide whether under any circumstances recovery could be had thereon.

It follows that there was no error in the refusal of the judge to rule that the defendant was "entitled to a finding in his favor" or in the denial of the motion that a "verdict be directed" for the defendant. Nor is there error of law in the "Findings and Rulings." The use of the word "note" therein, referring to the instrument in suit, is not a ruling that it is a promissory note. The ruling requested by the defendant that the "instrument declared on is nonnegotiable" was a correct statement of law. As, however, the "Findings and Rulings" deal with the instrument on the basis either that it is nonnegotiable or that the element of negotiability is immaterial, the defendant was not harmed by the refusal to make this ruling. The other rulings requested were based on an erroneous interpretation of the documents, or were inapplicable to the facts found, and were refused rightfully.

*Exceptions overruled.*