Chatham Pharmaceuticals, Inc. *vs.* Angier Chemical Co., Inc. & others.

Suffolk. January 6, 1964. — March 6, 1964.

Present: Cutter, Kirk, Spiegel, & Reardon, JJ.

*Assignment. Contract,* Assignment, Novation. *Words,* "Right, title and interest."

Following substantial performance of a licensing agreement permitting the licensor corporation at any time to "assign all or part of its rights hereunder" and the licensee in certain circumstances to "assign any of its rights or obligations" under the agreement, an assignment by the licensor before the effective date of the Uniform Commercial Code of "all its right, title and interest in said agreement" to assignees who were its shareholders and to whom it was heavily indebted did not, in the circumstances, impose any obligation upon the assignees to perform the licensor's remaining obligations under the agreement.

Bill in equity filed in the Superior Court on July 18, 1960.

The suit was heard by *Tomasello, J.*

*Arthur M. Gilman (George A. McLaughlin* with him) for the individual defendants.

*George I. Mulhern, Jr.,* for the plaintiff.

Spiegel, J. This is a bill to establish the amount due from the defendant corporation and to reach and apply the alleged obligations of the noncorporate defendants (the assignees) "to assume the obligations and liabilities" of the defendant corporation. The Superior Court entered an interlocutory decree taking the bill as confessed against the corporate defendant. A final decree was entered favorable to the plaintiff from which only the assignees appealed. The evidence is reported.

The trial judge made a report of material facts, which we summarize. On September 1, 1957, the plaintiff and the defendant Angier Chemical Co., Inc. (Angier), entered into an agreement. Under the terms of this agreement, the plaintiff was granted an exclusive license "to manufacture, use and sell the product, use or process covered by United States Letters Patent No. 2,688,585." The plaintiff agreed

to pay royalties to Angier and to purchase Angier's then existing inventory of the licensed product, and Angier agreed that "if the license granted should be terminated or surrendered . . . [it] would buy back from the . . . [plaintiff], at the same cost, any part of said inventory then remaining in the possession of the . . . [plaintiff]." Pursuant to this agreement, the plaintiff purchased Angier's inventory. On February 24, 1958, Angier assigned "all its right, title and interest in said agreement" to the assignees, who accepted the assignment. On January 18, 1960, the plaintiff terminated the agreement, but Angier has refused to repurchase said remaining inventory.

The assignees contend inter alia that the 1958 assignment was an assignment of rights only and not of obligations and that they are not obligated to perform any of Angier's duties under the licensing agreement. Although there is a paucity of cases in point, it is the law of this Commonwealth that "an assignment of what is due or is to become due under a contract is not an assignment of both the duty of performing the contract and receiving payment therefor." *Chapin* v. *Pike,* 184 Mass. 184, 186. See *Merchants' Ins. Co.* v. *Abbott,* 131 Mass. 397, 406. This rule is in accord with that of several other jurisdictions. *Wilson* v. *Beazley,* 186 Cal. 437, 444. *Lunt* v. *Lorscheider,* 285 Ill. 589, 593. *Peoples Sav. Bank* v. *Geistert,* 253 Mich. 694, 698. *Langel* v. *Betz,* 250 N. Y. 159, 164. *Bimrose* v. *Matthews,* 78 Wash. 32, 37–38. *Maloyfsky* v. *Schiraldi,* 108 N. J. Eq. 190, 192–193, affd. 110 N. J. Eq. 660.[1]

Where, however, "the contract as a whole is assigned there is no separation between the benefits and burdens." *Chapin* v. *Pike, supra,* p. 186.[2] See Restatement: Con-

---

[1] Paragraph VIII (C) of the licensing agreement provides, "This contract shall be construed according to the laws of the State of New Jersey . . . ." See *Maxwell Shapiro Woolen Co. Inc.* v. *Amerotron Corp.* 339 Mass. 252, 257. The validity and effect of the assignment as between Angier and the assignees is governed by Massachusetts law. See Beale, Conflict of Laws, §§ 350.1– 353.1; Goodrich, Conflict of Laws (3d ed.) §§ 113–114, 495–499. See also Restatement 2d: Conflict of Laws (Tent. Draft No. 6), § 350.

[2] The Uniform Commercial Code did not become effective in Massachusetts until October 1, 1958, so G. L. c. 106, § 2–210 (4), does not govern this assignment. See St. 1957, c. 765, §§ 1, 21.

tracts, § 164, which treats the assignment of a whole contract, still partly executory, *"in the absence of circumstances showing a contrary intention,* as an assignment of the assignor's rights under the contract and a delegation of the performance of the assignor's duties" (emphasis supplied). In the present case, whether the assignees impliedly promised to perform the assignor's duties thereunder is a question of interpretation of the assignment, read in the context of the circumstances. Williston, Contracts (3d ed.) § 418A, at 104. Corbin, Contracts, § 906, at 627–629.

There is nothing in the ambiguous instrument of assignment to indicate that Angier intended the assignees to assume any obligations under the agreement. There is no express assumption by the assignees of obligations under the licensing agreement. It appears to be undisputed that the assignees were Angier's shareholders and that Angier was heavily indebted to them.[3] Nothing in the documentary evidence suggests any novation. See *Stowell* v. *Gram,* 184 Mass. 562, 564; *Clark* v. *General Cleaning Co. Inc.* 345 Mass. 62, 64–65. There remained few duties to be performed by Angier under the licensing agreement. In these circumstances, it is particularly dubious that the assignees also assumed duties. The use of the words "right, title and interest" does not necessarily show that the assignment was intended to include obligations. See *First Natl. Bank* v. *Massachusetts Loan & Trust Co.* 123 Mass. 330, 331.

The licensing agreement itself appears to distinguish between the assignment of rights and the assignment of obligations. We note that paragraph VIII (C) provides: "This contract . . . is binding upon and confers rights upon the parties hereto: upon Angier, its successors and assigns; upon Chatham [the plaintiff], its successors and assigns. Provided, however, that Angier may at any time

---

[3] Although a transfer, even of land, is absolute in form, it may be shown to be by way of security only. See *Murley* v. *Murley,* 334 Mass. 627, 630–631; Restatement: Restitution, § 182; Scott, Trusts (2d ed.) § 44, pp. 313–314. See also Am. Law of Property, §§ 16.44–16.48; Swaim, Crocker's Notes on Common Forms, § 490.

assign all or part of its *rights* hereunder and further provided that Chatham may not without the written consent of Angier assign any of its *rights or obligations* under this contract" (emphasis supplied). This provision may not prohibit Angier from assigning its obligations. Cf. *McLaughlin* v. *New England Tel. & Tel. Co.* 345 Mass. 555, 563. Nevertheless, when there is an omission of any provision for one party to assign obligations and in the same sentence there is a provision that in certain circumstances the other party may assign rights or obligations, we conclude that the omission was intentional. "*Expressio unius est exclusio alterius,* is a maxim which applies as forcibly to the exceptions to an obligation as to the enumeration of the objects to which the contract applies." *Higginson* v. *Weld,* 14 Gray, 165, 172. *Earle* v. *De Witt,* 6 Allen, 520, 528. *Smiley* v. *McLauthlin,* 138 Mass. 363, 364–365. *Judkins* v. *Charette,* 255 Mass. 76, 82. This provision of the licensing agreement has some tendency to indicate what Angier purported to assign.

We are constrained to hold that, construing the instruments in the light of those circumstances which are essentially undisputed, the assignees did not assume the obligations under the agreement. Because of the foregoing there is no need to discuss the other issues raised by the assignees.

Accordingly, the final decree is to be modified by dismissing the bill as against the assignees with costs of appeal, and as so modified is affirmed.

*So ordered.*