Turcotte, PJ.
This case is before us as a case stated. The trial justice heard no witnesses, made no factfindings so that we are in the same position as he was. We can enter judgment after determining whether the decision was right on the facts stated and the reasonable inferences we can draw from them. Rock v. Pittsfield, 316 Mass. 348 (1944).
The defendant leased an automobile from Autobahn Leasing, Inc.[1] (lessor). On the same day the lease was executed the right to receive payments was assigned to the plaintiff bank. Things went well under the lease until the vehicle was stolen and damaged on August 4,1985 and the defendant failed to pay the monthly rental. When *103 the vehicle was found and towed to a repair facility on Sept. 4,1985, the lessor failed to pay when due the repair for the vehicle and the storage charges and continued to do the same until the bank on November 15,1985, sent a notice to the defendant seeking the balance due under the lease. The bank then repossessed the automobile and sold it. The trial judge found for the bank on its complaint for a deficiency.
The bank and thedefendant both assumed in arguing their respective positions that the lessor breached the terms of the lease in failing to make the automobile available to the defendant after it was stolen and recovered. The bank argues that there was an assignment only of the right to receive rental so that any defense available to the lessor is not valid against the bank.
At common law one could assign the right to rental payment, without assigning the duty to perform as the language of the lease here puiports to do. Chatham Pharmaceuticals, Inc. v. Angier Chemical Co, 347 Mass. 208. (1964). The provisions of G.Lc. 106, §9-318 sets out defenses that are applicable to an assignee in a secured transaction; however, G.Lc. 106, § 9-203 (4) provides: “a transaction although subject to this article, is also subject to the provisions of G.Lc. 255B” which concerns the retail installment sales of motor vehicles. Section 1 defines a retail installment contract to include the leasing of a motor vehicle when the lessee contracts to payas compensation for its use, a sum substantially equivalent to its value, where the lessee is bound to become the owner or agrees to become the owner. The provisions of the lease in this case meet that definition, and section 19A of G.Lc. 255B provides the holder of the retail installment contract, here the bank, is subject to all defenses the buyer has against the seller.
We reverse the decision of the trial justice and enter judgment for the defendant

 Autobahn Leasing, Inc. was a third party defendant There was no request for report as to the disposition of the third party complaint.